A95A1936. MURPHY v. THE STATE.
(465 SE2d 497)

BIRDSONG, Presiding Judge.

Michael Murphy appeals the denial of his motion to enjoin his prosecution for violation of the Georgia Controlled Substances Act. He contends that a previous civil forfeiture proceeding arising out of the same criminal activity placed him in jeopardy and prohibits any further prosecution on the criminal charge itself. *Held*:

A civil forfeiture proceeding in a drug case is not a criminal prosecution. It is not enumerated in OCGA §§ 16-1-7 and 16-1-8 as being among the proceedings which constitute former jeopardy. The prohibition against putting any person twice in jeopardy for the same offense "applies only to twice subjecting an individual to *criminal* processes for the same offense against the same sovereign; there is no

bar to the sovereign's imposing both civil and criminal penalties for the same act. [Cits.]" *Alexander v. State*, 129 Ga. App. 395, 397 (199 SE2d 918). A forfeiture in civil proceedings does not render those proceedings criminal and does not constitute a criminal prosecution. Id. This issue is not controlled by anything said with respect to the character of *excessive fines* as being debatably "punitive" in *Evans v. State of Ga.*, 214 Ga. App. 844 (449 SE2d 302), cert. granted and case remanded in light of *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416), and reconsidered in *Evans v. State of Ga.*, 217 Ga. App. 646 (458 SE2d 859).

Moreover, any "punishment" in a forfeiture proceeding is against the property, not the owner as a criminal defendant; civil in rem forfeitures are based on the fiction that the property is the offender, and this fiction rests on the notion that the owner who allows his property to become involved in an offense has been negligent. *Thorp* at 715. This in no way equates to a criminal prosecution or to punishment for a criminal offense by the defendant or owner of the property forfeited, and the fact that the defendant feels he is being punished by a civil forfeiture does not render the civil forfeiture a proceeding putting him in jeopardy.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED NOVEMBER 30, 1995 —
RECONSIDERATION DENIED DECEMBER 14, 1995 — 

*Bruce S. Harvey, David S. West*, for appellant.
*Daniel J. Porter, District Attorney, Thomas N. Davis, Jr., Assistant District Attorney, Thomas W. Hayes, Gary D. Bergman*, for appellee.