A96A1808. IN THE INTEREST OF M. G. F., a child.
(476 SE2d 100)

Judge Harold R. Banke.

M. G. F.'s natural mother appeals from a juvenile court order terminating her parental rights. She contends the court violated her due process rights by refusing to continue the termination hearing on the chance that she could attend.[1] The mother had been deported to her native Germany on September 9, 1994 and barred from re-entry for five years.

The evidence presented at the parental rights termination hearing revealed that the mother was an habitual cocaine user who had been in and out of jail for prostitution, burglary, theft of services, and parole and probation violations. At M. G. F.'s birth in 1993, both the mother and the child tested positive for cocaine. During the month M. G. F. was born, the mother's probation was revoked. M. G. F. was placed in foster care shortly after his birth and at the time of the hearing resided with relatives who wished to adopt him. The mother had not visited him in the two years prior to the hearing. The mother

---

[1] Wilson initially filed her appeal in the Supreme Court. However, after finding that no constitutional issues were raised or ruled upon in the trial court, the Supreme Court transferred the case to this court.

failed to meet any of the goals encompassed in a reunification plan formulated by the Georgia Department of Family & Children Services ("DFCS"), which included requirements that she pay child support, remain drug and alcohol free, complete substance abuse treatment, regularly visit with the child, and provide a stable home.

Parenthetically, the mother lost her parental rights to an older child, C. B. W., approximately one year after M. G. F.'s birth. Like M. G. F., C. B. W. tested positive for cocaine at birth. When C. B. W. was one, the mother voluntarily placed him in foster care because she could no longer care for him.

Just prior to the parental rights termination hearing, the mother telephoned the court from Germany. During the 30 minute conference call and the subsequent hearing, she was represented by counsel. All parties participated in the call, during which the mother requested a six month continuance so that she might try to arrange a waiver of her deportation and attend. The court deferred ruling on this request until it heard DFCS's evidence. After hearing the evidence, the court determined that the mother's presence would not alter its decision to terminate her parental rights, given the strong evidence against her and her stated opposition to further substance abuse treatment. *Held*:

The court did not abuse its discretion in refusing to continue the parental termination hearing for six additional months to permit the mother to attempt to arrange to attend. *Murray v. Hall County Dept. of Family &c. Svcs.*, 137 Ga. App. 291, 293 (3) (223 SE2d 486) (1976). It is undisputed that the mother received 29 days notice of the originally scheduled hearing in September 1994. OCGA § 15-11-83 (c). After learning that the mother had been deported and could not be located, the court continued the hearing for two months, expressly stating that it would endeavor to notify her of the change. Ultimately, the case was continued until January 1995, at which time the mother made the above-mentioned conference call requesting the continuance and the court heard the foregoing evidence. During the hearing, the mother's counsel stated it was very unlikely that she would be able to return to the United States.

It is undisputed that the mother received notice of all the parental termination proceedings and was afforded the opportunity to be heard. Due to her own inability to conform to the law, she was unable to avail herself of the opportunity to appear in person; however, it is undisputed that she was represented in all the parental termination proceedings by counsel who appeared in her stead. In the pre-hearing conference call the court considered her statements and responses to the parties' questions. During the hearing, the mother's counsel thoroughly cross-examined DFCS's sole witness, the caseworker. OCGA § 15-11-31 (a).

Because the mother's inability to attend the hearing was the natural consequence of her own voluntary actions, a continuance was not justified. *Curtis v. Jones*, 160 Ga. App. 904, 906 (1) (288 SE2d 615) (1982). Moreover, we know of no constitutional entitlement mandating the right to appear personally in civil proceedings under such circumstances. Accord *Adoption of Quenette*, 341 NW2d 619, 622 (4) (N.D. 1983). Nor did the mother in seeking a continuance satisfy her evidentiary burden of showing due diligence. OCGA § 9-10-166; see *Stanley v. Amos*, 79 Ga. App. 297, 300-301 (53 SE2d 568) (1949). Accordingly, we find that the court did not manifestly and clearly abuse its discretion in refusing to continue the case. Id. at 300.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 18, 1996.

*Darden & Bazemore, Richard M. Darden, Thomas J. Gustinella, Andrea S. Moyers*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Beckmann & Lewis, Leo G. Beckmann, Jr.*, for appellee.