S96G0588. MURPHY v. THE STATE.
(475 SE2d 907)

HINES, Justice.

We granted certiorari to consider whether a forfeiture proceeding under OCGA § 16-13-49 constitutes punishment for the purpose of double jeopardy analysis under the Federal Constitution.[1] We conclude that it does not.

Civil forfeitures generally do not constitute punishment under

---

[1] Michael Murphy was indicted for criminal attempt to commit violation of the Georgia Controlled Substances Act by possession of marijuana with intent to distribute. The State initiated an in rem forfeiture proceeding under OCGA § 16-13-49 (o) naming Murphy as a probable claimant. The complaint was styled, "State of Georgia vs. Sixteen Thousand And Sixty Dollars in United States Currency ($16,060.00)." By consent order, Murphy forfeited $12,045. He then filed a motion to enjoin his criminal prosecution on the basis that he had already suffered penalty by the forfeiture, thus barring the criminal prosecution under the Double Jeopardy Clause of the United States Constitution. The Court of Appeals affirmed the superior court's denial of the motion, concluding that the civil forfeiture was not a proceeding putting Murphy in jeopardy. *Murphy v. State*, 219 Ga. App. 474 (465 SE2d 497 ) (1995).

the Double Jeopardy Clause. The federal test to be applied in assessing a forfeiture statute is two-fold. The first inquiry is whether the proceeding is intended to be criminal or civil. The second is whether, by clearest proof, the proceeding is so punitive in fact that it may not legitimately be viewed as civil in nature despite the intent that it be so. *United States v. Ursery*, 518 U. S. ___ (116 SC 2135, 135 LE2d 549) (1996). It is plain that a forfeiture proceeding under OCGA § 16-13-49 is intended to be a civil action. See OCGA § 16-13-49 (b) (3), (o) (3), (p) (4), (v), (w); see also *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994); *State of Ga. v. Alford*, 264 Ga. 243, 244 (2) (444 SE2d 76) (1994). While it is true that the statute has punitive aspects, its purposes are remedial by its express terms. OCGA § 16-13-49 (z). Property subject to forfeiture under the Code section is that which is declared to be contraband, including property or its proceeds used or intended for use to facilitate violation of the Georgia Controlled Substances Act, monies found in close proximity to such property, and weapons used to facilitate felony violations of narcotics laws. OCGA § 16-13-49 (d). The statute serves the nonpunitive goals, among others, of rendering illegal behavior unprofitable, ensuring that persons do not profit from their illegal acts, and removing from circulation forbidden merchandise and firearms unlawfully used or intended for illegal use. *Ursery*, 518 U. S. at ___ (slip op. at 12). The forfeiture proceeding under the statute is legitimately a civil sanction and does not constitute punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[2]

*Judgment affirmed. All the Justices concur.*

SEARS, Justice, concurring.

The only question raised by this appeal is whether the in rem civil forfeiture action constituted "punishment" for purposes of the Double Jeopardy Clause of the United States Constitution. I am bound to follow the principles set forth in *United States v. Ursery*,[3] in deciding the issue, and I agree with the majority that *Ursery* controls this issue adversely to Murphy. I write to emphasize that this case raises no issue regarding the Double Jeopardy Clause of our State Constitution.[4]

DECIDED SEPTEMBER 23, 1996.

---

[2] The Excessive Fines Clause of the Eighth Amendment is not at issue.
[3] 518 U. S. ___ (116 SC 2135, 135 LE2d 549) (1996).
[4] See Art. I, Sec. I, Par. XVIII of the 1983 Georgia Constitution.

*David S. West, Bruce S. Harvey,* for appellant.

*Daniel J. Porter, District Attorney, Thomas W. Hayes, Assistant District Attorney, Gary D. Bergman, Aimee R. Maxwell, Davis, Zipperman, Kirschenbaum & Lotito, Nicholas A. Lotito, Garland, Samuel & Loeb, Donald F. Samuel,* for appellee.