A96A1059. BATTISTA v. THE STATE.
(477 SE2d 665)

POPE, Presiding Judge.

Alan Battista was tried and convicted of trafficking in cocaine by a Gwinnett Superior Court and appeals, arguing that his conviction violated the protections against double jeopardy. After reviewing the matter, we reject Battista's arguments and affirm the judgment.

Battista entered into a stipulation of evidence for the November 6, 1995 bench trial underlying this appeal. The stipulated facts were that special agents from the United States Drug Enforcement Agency, along with Gwinnett County police officers, conducted a drug investigation in Gwinnett County and discovered that Battista had more than 28 grams of cocaine, which he was trying to sell. Battista was the owner and operator of a laundry business at 285 Pine Street, Lilburn. The officers approached Battista at his laundry business and conducted a consensual search, which led to the discovery of more than 28 grams of cocaine. Battista was arrested for possession of the cocaine.

Before trial, Battista filed a motion in bar of prosecution and to enjoin the proceedings pursuant to the double jeopardy provisions of the United States and Georgia Constitutions and of OCGA § 16-1-8 (c). His motion was based on a previous civil federal forfeiture action under 21 USC § 881, which the federal government had filed in the United States District Court for forfeiture of the 285 Pine Street property. Battista was served with process in that action and filed a claim and/or answer to that complaint. On December 21, 1994, Battista had entered into a consent judgment regarding the matter.

The superior court denied Battista's motion, judgment was entered and this appeal followed.

1. In three enumerations, Battista claims that the subsequent state criminal prosecution violated the double jeopardy clauses of the

United States and Georgia Constitutions and of OCGA § 16-1-8 (c). "The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' The Georgia Constitution also contains a double jeopardy clause which provides '(n)o person shall be put in jeopardy of life or liberty more than once for the same offense.' Ga. Const. 1983, Art. I, Sec. I, Par. XVIII. The double jeopardy clause 'protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.' *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (428 SE2d 71) (1993) (citing *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969))." *Clark v. State*, 220 Ga. App. 251, 252 (469 SE2d 250) (1996).

In resolving this matter, we note that in *Murphy v. State*, 219 Ga. App. 474 (465 SE2d 497) (1995), aff'd, 267 Ga. 120 (475 SE2d 907) (1996), this Court concluded, and our Supreme Court affirmed, that a previous *state* civil forfeiture proceeding did not prohibit further prosecution on the criminal charge. Nevertheless, citing *Austin v. United States*, 509 U. S. 602 (113 SC 2801, 125 LE2d 488, 503) (1993), this Court previously has distinguished the federal forfeiture statute by stating that "punishment has been found to be one purpose of forfeitures under 21 USC § 881 (a) (4) and (7)." *Waye v. State*, 219 Ga. App. 22 (464 SE2d 19) (1995). See also *Thorp v. State*, 264 Ga. 712, 715 (3) (450 SE2d 416) (1994); *Clark v. State*, 220 Ga. App. 251.

Here, citing *Austin v. United States*, and *United States v. Halper*, 490 U. S. 435 (109 SC 1892, 104 LE2d 487) (1989), Battista argues that because he was punished under the federal forfeiture statute, the criminal action was barred by double jeopardy. The United States Supreme Court recently rejected this argument in *United States v. Ursery*, 518 U. S. ___ (116 SC 2135, 135 LE2d 549) (1996). In that case, the court stated that historically, in rem civil forfeitures have been viewed as remedial civil sanctions, distinct from potentially punitive in personam civil penalties such as fines, and do not constitute punishment under the double jeopardy clause. The court reviewed the narrow holdings of *Halper, Austin*, and *Dept. of Revenue of Montana v. Kurth Ranch*, 511 U. S. ___ (114 SC 1937, 128 LE2d 767) (1994), and concluded that nothing in those cases "purported to replace our traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." *Ursery*, 135 LE2d at 567-568. The court then conducted a two-part inquiry of the specific statutes in question as to: 1) whether Congress intended proceedings under 21 USC § 881 to be criminal or civil; and 2) "whether the proceedings are so punitive in fact as to

'persuade us that the forfeiture proceeding(s) may not legitimately be viewed as civil in nature,' despite Congress' intent." (Citations omitted.) *Ursery*, 135 LE2d at 568. Under this analysis, the court concluded that the civil forfeiture actions under 21 USC § 881 were neither punishment nor criminal for purposes of the double jeopardy clause.

Similarly, in the instant case, Battista's arguments fail and the rationales of *United States v. Ursery* and *Murphy v. State* control. See generally *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. at 63 (1). Therefore, we find no violation of the Georgia or United States constitutional provisions against double jeopardy, nor do we find any violation of OCGA § 16-1-8 (c).

2. Given our consideration of these issues, we need not address Battista's additional arguments.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED OCTOBER 29, 1996.

*Fletcher W. Griffin III*, for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.