A96A2336. MANLEY v. THE STATE.
(482 SE2d 416)

SMITH, Judge.

Charles David Manley was indicted on drug and weapons

charges,[1] which arose after authorities discovered marijuana growing on his property and seized marijuana and methamphetamine from his home and car. The State also filed an in rem civil forfeiture complaint against Manley's real and personal property connected with the drug offenses. We affirmed the trial court's forfeiture of those properties in *Manley v. State of Ga.*, 217 Ga. App. 556 (458 SE2d 179) (1995). After this Court ruled in his forfeiture case, Manley filed motions seeking to quash his indictments and bar further prosecution based upon claims of double jeopardy. The trial court denied those motions and, following a bench trial on stipulated evidence, convicted Manley. Manley appealed to the Supreme Court, raising claims under the federal and state constitutions. The Supreme Court transferred the case to this Court, noting in its order that "those issues involve the application of well-settled principles of constitutional law. . . ."

1. In two enumerations of error, Manley contends the trial court erred in denying his plea in bar based upon double jeopardy. His contention that the prior civil forfeiture action constituted a criminal sanction under federal constitutional law has been rejected by the Georgia Supreme Court in *Murphy v. State*, 267 Ga. 120 (475 SE2d 907) (1996) and by the United States Supreme Court in *United States v. Ursery*, 518 U. S. ___ (116 SC 2135, 135 LE2d 549) (1996).

Manley's argument based on the protections against double jeopardy provided by Art. I, Sec. I, Par. XVIII of the Georgia Constitution was not addressed in *Murphy*, and Justice Sears in her concurrence noted that that issue was not before the Court. *Murphy*, 267 Ga. at 121. The Supreme Court's transfer of the case to this Court does not demand a conclusion that the state constitutional claim has no merit. See *Atlanta Independent School System v. Lane*, 266 Ga. 657, 658 (1) (469 SE2d 22) (1996). Despite the language in the Supreme Court's order, the issue of whether Manley states a valid double jeopardy defense under state constitutional law does not seem to be "well-settled." In *Battista v. State*, 223 Ga. App. 369, 371 (1) (477 SE2d 665) (1996), however, this Court rejected such a state constitutional law claim based on the rulings in *Murphy*, supra, and *Ursery*, supra. Given the Supreme Court's explicit holding in *Murphy* that civil forfeiture proceedings are primarily remedial in nature, id. at 121, we hold that Manley's protections against double jeopardy were not violated by these subsequent criminal proceedings.

2. In his second enumeration of error, Manley claims the civil forfeiture action constituted an "excessive fine" or "cruel and unusual

---

[1] The specific charges were manufacture of marijuana, possession of marijuana with intent to distribute, possession of methamphetamine, and possession of a firearm during the commission of a felony. See OCGA §§ 16-13-30; 16-11-106.

punishment" in violation of the federal constitution's Eighth Amendment and Art. I, Sec. I, Par. XVII of the Georgia Constitution. We need not decide whether Manley waived this claim by failing to timely assert it below. We have previously held that an in rem *civil* forfeiture simply is not a criminal action. *Murphy v. State*, 219 Ga. App. 474, 475 (465 SE2d 497) (1995), aff'd, 267 Ga. 120. This enumeration is, therefore, also without merit.

*Judgment affirmed. Andrews, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 14, 1997.

*Strauss & Walker, John T. Strauss*, for appellant.

*Alan A. Cook, District Attorney, Thomas W. Hayes, Gary D. Bergman, Assistant District Attorneys*, for appellee.