## A97A0694. ROJAS v. THE STATE.
(487 SE2d 455)

BEASLEY, Judge.
Rojas was indicted on three counts of selling cocaine, OCGA § 16-

13-30 (b), and one count of possessing cocaine and having it under his control, OCGA § 16-13-30 (a). This direct appeal is from the court's denial of his plea of former jeopardy. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

At the time of arrest and afterwards, the State seized a variety of personal property and filed a complaint to forfeit that property under OCGA § 16-13-49 (o). Both Rojas and Universe Wrecker Service, Inc., on whose premises the drug sales took place, filed answers as claimants to the property. The court ruled the answers defective and granted the State's motion for judgment of forfeiture. Rojas' motion to dismiss the criminal prosecution against him was denied.

Rojas contends the criminal prosecution following the civil forfeiture subjected him to multiple punishment for the same offense contrary to the protection against double jeopardy afforded by the state and federal constitutions. He cites the state constitutional provision that "[n]o person shall be put in jeopardy of life or liberty more than once for the same offense . . . ," Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII, but makes no independent argument concerning the state provision and the court below ruled only on the federal grounds. Our analysis is therefore confined to the protection found in the Fifth Amendment to the United States Constitution. See *Thomas v. State*, 203 Ga. App. 529, 530-531 (1) (417 SE2d 353) (1992).

Forfeiture under OCGA § 16-13-49 does not constitute criminal punishment in that context. "It is plain that a forfeiture proceeding under OCGA § 16-13-49 is intended to be a civil action. [Cits.] . . . The forfeiture proceeding under the statute is legitimately a civil action and does not constitute punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution." *Murphy v. State*, 267 Ga. 120, 121 (475 SE2d 907) (1996). See also *Battista v. State*, 223 Ga. App. 369, 370 (1) (477 SE2d 665) (1996).

Rojas argues the forfeiture proceeding nonetheless constituted a criminal punishment because it was in personam rather than in rem. In support of this argument he cites *United States v. Ursery*, 518 U. S. ___ (116 SC 2135, 135 LE2d 549) (1996). First, *Ursery* was decided in the context of the federal forfeiture statute, not the Georgia statute construed in *Murphy*, supra. Under our statute the forfeiture is not considered a criminal punishment. This applies to in personam proceedings as the Code subsection providing for such, OCGA § 16-13-49 (p), was specifically cited by *Murphy*. *Murphy*, supra at 121.

Second, while *Ursery*, supra, 135 LE2d at 562-568 recognizes that in personam forfeitures can constitute criminal punishment, the proceeding here was clearly in rem. The complaint specifically names the property as defendants and there is nothing in it or the order granting forfeiture that suggests Rojas would have any personal lia-

bility as a result of the forfeiture. See *Williamson v. Williamson*, 247 Ga. 260, 262 (2) (275 SE2d 42) (1981); *Farley v. State*, 180 Ga. App. 694, 695 (1) (350 SE2d 263) (1986). "[A]ny 'punishment' in a forfeiture proceeding is against the property, not the owner as a criminal defendant. . . . [It] in no way equates to a criminal prosecution or to punishment for a criminal offense by the defendant or owner of the property forfeited, and the fact that the defendant feels he is being punished by a civil forfeiture does not render the civil forfeiture a proceeding putting him in jeopardy." *Murphy v. State*, 219 Ga. App. 474, 475 (465 SE2d 497) (1995) aff'd, 267 Ga. 120 (475 SE2d 907) (1996). Rojas has not been subjected to multiple punishments for the same offense. The court correctly denied his motion to dismiss the indictment on the ground of former jeopardy.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 4, 1997 — 

 Before Judge Flake.

*Stephen T. Maples, Kathy S. Yang*, for appellant.

*J. Tom Morgan, District Attorney, Anne Long, Carol M. Kayser, Stephen D. Sencer, Assistant District Attorneys*, for appellee.