A98A0385. IN THE INTEREST OF F. L. S. IV et al., children.
(502 SE2d 256)

Judge Harold R. Banke.

The natural father of F. L. S. IV, T. S. and J. S. appeals from a juvenile court order terminating his parental rights. In his sole enumeration, he contends the court violated his due process rights by failing to arrange for his attendance at the termination hearing or for a live video communications hookup. The father's incarceration in North Carolina, where he was serving time for murdering the chil-

dren's mother, prevented his attendance.[1]

The record shows that the father received notice of the parental termination proceedings and counsel was appointed to represent him. Although the State offered to arrange for the father to participate in the proceedings telephonically, he refused. At the hearing, the father's counsel moved to dismiss on the ground that his client's inability to observe the demeanor of the State's witnesses prevented him from assisting in cross-examination. The court reserved ruling on the motion and the hearing proceeded. After the hearing concluded, the trial court denied the father's motion and terminated his parental rights. *Held*:

The trial court's denial of the father's motion to dismiss did not offend due process. The father's inability to physically attend the termination proceedings was due solely to his inability to conform his conduct to the law. Notwithstanding the father's refusal to participate via telephone, his appointed counsel appeared in his stead, cross-examining witnesses and vigorously arguing on his behalf. The father's refusal to participate by telephone distinguishes *In the Interest of M. S.*, 178 Ga. App. 380, 381 (343 SE2d 152) (1986), in which the parents were not permitted to see or hear their child's testimony.

"[W]e know of no constitutional entitlement mandating the right to appear personally in civil proceedings under . . . [these] circumstances. [Cit.]" *In the Interest of M. G. F.*, 222 Ga. App. 816, 818 (476 SE2d 100) (1996). Nor has the father provided such authority. See *Griffith v. Brooks*, 193 Ga. App. 762, 765 (1) (389 SE2d 246) (1989) (declining to reverse based on the trial court's failure to arrange for inmate father's attendance at termination hearing). In any event, pretermitting any purported error, the father's failure to specify how his presence would have assisted in cross-examination precludes the requisite showing of harm. *In the Interest of R. J. P.*, 222 Ga. App. 771, 773 (3) (476 SE2d 268) (1996).

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1998.

*Rodney L. Allen*, for appellant.

*Thurbert E. Baker, Attorney General, Jeffrey L. Milsteen, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General,*

---

[1] The father pleaded guilty to second degree murder.

*Shalen A. Sgrosso, Stephanie M. Baldauff, Assistant Attorneys General*, for appellee.