## A98A0602. SWORD v. THE STATE.
(502 SE2d 334)

SMITH, Judge.

Stephanie Ann Sword was charged by accusation in Clayton County with four counts of financial transaction card fraud, OCGA § 16-9-33 (a) (2) (B). She filed a plea in bar, claiming the prosecution was barred by her previous conviction in Fayette County for financial transaction card theft, OCGA § 16-9-31 (a) (1). Her plea was denied, and she filed this appeal. The sole issue on appeal is the merit of her contention that financial transaction card theft constitutes a lesser included offense of financial transaction card fraud and that her prior conviction for the former offense therefore precludes her prosecution for the latter. We conclude Sword's contention is without merit in this instance, and we affirm the denial of her plea.

OCGA § 16-9-31 (a) provides a number of alternative ways in which the offense of financial transaction card theft may be committed. The Fayette County indictment charged Sword with committing the offense of financial transaction card theft in that she did "knowingly and willfully take and possess a financial transaction card . . . without the authorization of the cardholder." This is one of the methods of committing financial transaction card theft specified in OCGA § 16-9-31 (a) (1), and it requires proof of nothing other than a knowing taking and possession of the card without the permission of the cardholder. No showing of intent to use the card is necessary, nor is a showing of actual use.[1] The crime was complete when Sword took the card. Even if she had never used the card to obtain merchandise or money, she was guilty of violating OCGA § 16-9-31 (a) because she obtained and retained the card, having knowledge that she was not authorized by the cardholder to do so.

The Clayton County accusation charged Sword with violating a different statute: financial transaction card fraud. The accusation alleged that on four occasions on one day, Sword presented the financial transaction card without the authorization of the cardholder to receive merchandise.

These acts constituted violations of OCGA § 16-9-33 (a) (2) (B) and are completely different from the offense with which she was charged in Fayette County.[2] Under these circumstances, Sword's

---

[1] It is true that OCGA § 16-9-31 (a) (1) also includes another method of committing the crime: by receiving the card with intent to use, sell, or transfer it, knowing that it has been obtained unlawfully. But the two methods are listed in the statute in the disjunctive, making clear that they are alternative methods; intent is not a necessary element when the offense is committed by the first alternative method: taking and possessing the card without authorization by the holder.

[2] The trial court also correctly concluded that the two crimes have different victims. The victim of financial transaction card theft is the cardholder, whereas the victim of financial transaction card fraud is the card issuer or the merchant.

prosecution for the Clayton County offenses is not precluded by the double jeopardy provisions of the Fifth Amendment to the United States Constitution, or by those of Article 1, Section 1, Paragraph 18 of the Georgia Constitution or by those of Georgia statutes.

"The double jeopardy clause of the Fifth Amendment to the United States Constitution provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' The Georgia Constitution also contains a double jeopardy clause which provides 'no person shall be put in jeopardy of life or liberty more than once for the same offense.' The double jeopardy clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." (Citations and punctuation omitted.) *Battista v. State*, 223 Ga. App. 369, 370 (477 SE2d 665) (1996).

Under *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932), successively charged offenses are separate for purposes of double jeopardy if each offense requires the State to prove some element or fact that is not required in the other. *State v. Williams*, 214 Ga. App. 701, 702 (448 SE2d 700) (1994). Clearly, under this test the Clayton County prosecutions were separate and different from the Fayette charge, and they were not barred. They required proof of presentation of the card to receive merchandise or other things of value.

"OCGA §§ 16-1-6, 16-1-7, and 16-1-8 also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct. [Cit.]" *Nolen v. State*, 218 Ga. App. 819, 820 (463 SE2d 504) (1995). Sword relies upon OCGA § 16-1-7 in contending that the Clayton prosecutions were barred because financial transaction card theft is a lesser included offense of financial transaction card fraud. OCGA § 16-1-7 (a) provides that "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other." OCGA § 16-1-6 defines a crime as being included if "(1) [i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

Neither of these definitions governs the offenses in issue in this case. A violation of the theft statute requires retention without authorization in addition to simply obtaining the card, which is not required under the fraud statute. It therefore does not require "the

same or less than all the facts" required to establish the fraud offense. And it differs from financial transaction card fraud in that the injury is to a different person or entity. See fn. 2, supra.

The record shows that at the plea and sentencing hearing in the Fayette County case, the prosecutor mistakenly informed the judge that the statute violated was OCGA § 16-9-33. It also shows that Sword's sentence on the Fayette County theft charge included restitution to the card issuer. But even if restitution in the Fayette case was erroneous, it nevertheless does not constitute a bar to the Clayton County prosecution. Sword did not point out the error in that case, either by informing the court at the time of the hearing or by appealing. Moreover, the sentencing ranges for both OCGA §§ 16-9-31 and 16-9-33 are identical. See OCGA §§ 16-9-31 (c); 16-9-33 (c); 16-9-38. The trial court did not err in denying Sword's plea in bar. But because the record does not indicate the basis for the restitution ordered in the Fayette County case, if Sword is convicted in this case the trial court should consider the previous order for restitution to ensure that Sword is not required to make restitution for the same injury twice.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 7, 1998 — 

*Alfred L. King, Jr.*, for appellant.
*Robert E. Keller, District Attorney, Brian J. Amero, Assistant District Attorney*, for appellee.