A00A1668. IN THE INTEREST OF C. C. E., a child.
(540 SE2d 704)

BLACKBURN, Presiding Judge.

Following termination of his parental rights, the father appeals, contending that the trial court violated his due process rights by denying his motion to participate in the termination hearing via telephone from Virginia, where he was incarcerated. For the reasons discussed below, we affirm.

Due process in this case requires that, prior to the termination of his parental rights, the father receive notice and an opportunity to be heard. See, e.g., *Nix v. Long Mountain Resources*.[1] There can be no question that the father received notification of the termination hearing because he filed his motion to participate via telephone on June 25, 1999, in which he explicitly referenced the hearing to be held several weeks later. The father also received an adequate oppor-

---

[30] *Clay v. State*, 209 Ga. App. 266, 269 (3) (433 SE2d 377) (1993).
[1] *Nix v. Long Mountain Resources*, 262 Ga. 506, 509 (422 SE2d 195) (1992).

tunity to be heard through his counsel, who represented him during the hearing. "Due to [his] own inability to conform to the law, [he] was unable to avail [himself] of the opportunity to appear in person; however, it is undisputed that [he] was represented in all the parental termination proceedings by counsel who appeared in [his] stead." *In the Interest of M. G. F.*[2] "[W]e know of no constitutional entitlement mandating the [father's] right to appear personally [at the termination hearing]." Id. at 818.

Moreover, we note that, in cases such as this, the aggrieved parent is not without means to present testimony to the trial court. For example, the father could have provided deposition or affidavit testimony if he desired to do so. Irrespective, the father cannot complain about his absence at the termination hearing here because that absence was the direct result of his criminal conduct in another state.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED OCTOBER 31, 2000.

*James E. Wilbanks*, for appellant.
*Robert D. Jenkins, Sr.*, for appellee.

