A01A1199. MCKINNEY v. JENNINGS.
(553 SE2d 344)

MILLER, Judge.

Randy McKinney was incarcerated in a South Carolina prison when another man filed a petition and sought a hearing in a Georgia court to adopt McKinney's natural son. McKinney requested that the Georgia court make arrangements to have him transported to the hearing or to participate by telephone, which request the court denied. The question on appeal is whether due process requires that

---

[2] See generally *Kim v. Platt*, 229 Ga. App. 92 (493 SE2d 249) (1997).

a court make arrangements to have a party, who is incarcerated in another state, transported to an adoption hearing or present telephonically. We answer this question in the negative and thus affirm the decree granting the adoption.

While in jail in South Carolina for sexual offenses, McKinney was served with Alvin Jennings's petition, in which Jennings sought to adopt Brandon, McKinney's natural son. Following the grant of the petition, we vacated the judgment and remanded the matter to conduct a hearing with a 30-day advance notice in accordance with OCGA § 19-8-14.[1] The court gave the proper notice, whereupon McKinney moved the court to make arrangements for him to be transported to the hearing or for him to participate telephonically. The court denied that motion and held the hearing, at which McKinney was represented by counsel who submitted affidavits on his behalf. The court considered all evidence presented and, pursuant to OCGA § 19-8-10 (b), granted the adoption petition, effectively terminating McKinney's parental rights. McKinney appeals, arguing that he was denied his Fourteenth Amendment due process rights when the court denied his motion to participate personally or telephonically.

Due process requires that, prior to the termination of his parental rights, McKinney receive notice and an opportunity to be heard.[2] McKinney does not contest that he received proper notice, but complains that his right to be heard was compromised by the refusal of the court to make arrangements to have him transported to the hearing or to have him participate by telephone.

We have repeatedly rejected this argument. "We know of no constitutional entitlement mandating the father's right to appear personally at the termination hearing."[3] Nor is there any authority that he should be allowed to participate by telephone.[4] Rather, he was invited to appear personally at the hearing, and it was "[d]ue to his own inability to conform to the law [that] he was unable to avail himself of the opportunity to appear in person. . . ."[5] The trial court has no obligation to make arrangements for an out-of-state prisoner to attend.[6]

---

[1] *McKinney v. Jennings*, 246 Ga. App. 862, 863 (2) (542 SE2d 580) (2000).

[2] *In the Interest of C. C. E.*, 246 Ga. App. 584 (540 SE2d 704) (2000).

[3] (Citation and punctuation omitted.) Id. at 585; accord *In the Interest of C. T.*, 247 Ga. App. 522, 525 (2) (544 SE2d 203) (2001); *In the Interest of F. L. S.*, 232 Ga. App. 100, 101 (502 SE2d 256) (1998); *In the Interest of M. G. F.*, 222 Ga. App. 816, 818 (476 SE2d 100) (1996); see generally *In the Interest of R. J. P.*, 222 Ga. App. 771, 772-773 (3) (476 SE2d 268) (1996).

[4] *C. T.*, supra, 247 Ga. App. at 525 (2); see *C. C. E.*, supra, 246 Ga. App. at 584-585.

[5] (Citation and punctuation omitted.) *C. C. E.*, supra, 246 Ga. App. at 585; see *M. G. F.*, supra, 222 Ga. App. at 817.

[6] See *R. J. P.*, supra, 222 Ga. App. at 773 (3).

Moreover, an imprisoned out-of-state parent has the opportunity to present testimony to the court by deposition or affidavit.[7] Here McKinney did just that, submitting two affidavits. As McKinney also had the opportunity to be heard through his counsel, who represented him at the hearing, we hold that his Fourteenth Amendment due process rights were not violated.[8]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 1, 2001.

*Mark R. Gaffney*, for appellant.
*Morris, Manning & Martin, Latina H. Bryan*, for appellee.

---

[7] *C. C. E.*, supra, 246 Ga. App. at 585.
[8] See id. at 584-585.