A06A2044. WALKER v. STATE OF GEORGIA.
(636 SE2d 705)

BLACKBURN, Presiding Judge.

Following a bench trial in this civil forfeiture action, Brent Walker appeals the forfeiture of his pickup truck and trailer to the State based on their use in a burglary. Walker challenges the sufficiency of the evidence and argues that the trial court applied the wrong standard of proof. We disagree and affirm.

Construed to support the judgment, *Davis v. State of Ga.*,[1] the evidence shows that as he was driving by his stepson's wood-storage garage that was attached to a residence advertised "For Lease," a stepfather observed three individuals removing expensive boards from that garage and placing them in a trailer attached to a pickup truck that was backed into the open entrance of the garage. He pulled into the only driveway (which was flanked by trees) and blocked

---

[1] *Davis v. State of Ga.*, 256 Ga. App. 299 (568 SE2d 161) (2002).

escape from the property, parking only inches from the front of the pickup truck. Confronting Walker, who was one of the men loading the boards onto the trailer and who owned the pickup truck and trailer, the stepfather demanded to know why they were taking his stepson's supplies. Pleading with the stepfather not to call police, Walker admitted it was a mistake and led the other men in quickly returning the lumber to the garage. The stepfather called his stepson, who denied giving these men permission to take his supplies or to be on the property and who quickly came to the property and called police.

When interviewed by police on the scene, Walker admitted that he did not have permission from the property owner to remove the wood, that he had personally helped load the wood onto the trailer, and that he should not have done so. He further admitted to seeing the large "For Lease" sign on the property, which dispelled a claim that the men believed that the garage was soon to be demolished and that the wood was free for the taking. Arresting Walker and his companions for burglary, police seized the pickup truck and trailer.

Within a month, the State filed an in rem civil forfeiture complaint against the pickup truck and trailer, alleging that Walker owned the items. Walker answered, denying any knowledge of the burglary and seeking return of the truck and trailer. At the bench trial, Walker testified that he had been loaning his truck and trailer to the other men and had been assisting them under the belief that the men had the owner's permission to remove the lumber, as the dilapidated garage and residence were allegedly soon to be demolished. Admitting that a "For Lease" sign would contradict any idea that the property was soon to be demolished, Walker stated that he had not seen the sign that day. He further admitted that photos showing the property in an orderly condition on the day of the burglary contradicted his testimony about the property being dilapidated. He also claimed that the stepfather had not blocked his truck in and that he had voluntarily returned the wood once he learned of the true circumstances.

The court found that the State had proved by a preponderance of the evidence that the truck and trailer were used in the commission of a burglary and therefore were subject to forfeiture under OCGA § 16-16-2. The court further found that Walker had failed to establish that he as owner of the truck and trailer had no knowledge of the burglary at the time his property was being used. Accordingly, the court ordered the property forfeited to the State. Walker appeals.

1. Walker first focuses on what needs to be shown to effect a forfeiture under OCGA § 16-16-2. He claims that this was an in personam action and therefore the court erred in requiring the State to prove its case by only a "preponderance of the evidence" rather than

by "beyond a reasonable doubt"; that once the State showed the property was used in the commission of a burglary, the court improperly shifted the burden to Walker to require him to prove his lack of knowledge; and that absent a burglary conviction, forfeiture was not possible. A review of the governing statute is instructive.

OCGA § 16-16-2 (a) provides:

> All motor vehicles, tools, and weapons which are used or intended for use in any manner in the commission of or to facilitate the commission of a burglary or armed robbery are subject to forfeiture under this chapter, but: . . . (2) No motor vehicle is subject to forfeiture under this Code section by reason of any act or omission *established by the owner thereof* to have been committed or omitted without his or her knowledge or consent.

(Emphasis supplied.) To effect a forfeiture, the State files an in rem complaint for forfeiture of the suspected property, alleging that the property was improperly used as described above and serving a copy of the complaint on the property owner. OCGA § 16-16-2 (d). If the property owner files an answer, the court conducts a hearing on the matter. Id. Should the court determine that the property was used or intended to be used for an unlawful purpose subjecting it to forfeiture under this statute, and that the property owner knew or by the exercise of ordinary care should have known that the property was to be so used, the court shall order the property forfeited to the State. Id.

(a) *Standard of Proof.* Walker claims that the trial court erred in applying a "preponderance of the evidence" standard to the State's proof. Although most cases speaking to the standard of proof in civil forfeiture cases arise from OCGA § 16-13-49 regarding property used in conjunction with illegal drug transactions, the general concept that forfeiture proceedings are civil in nature overlaps the statutes and therefore makes the following principle applicable: "A forfeiture action is a *civil* proceeding. The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases." (Punctuation omitted; emphasis in original.) *Hodge v. State of Ga.*[2] See *Davis*, supra, 256 Ga. App. at 304 (2) ("[f]orfeiture cases are civil proceedings, and the State need prove its case only by a preponderance of the evidence"). The court did not err in applying the "preponderance of the evidence" standard.

---

[2] *Hodge v. State of Ga.*, 257 Ga. App. 203, 205 (2) (570 SE2d 666) (2002).

(b) *Burden of Proof*. Walker contends that the trial court erred in shifting the burden to him to show his lack of knowledge. OCGA § 16-16-2 (a) (2) specifies that motor vehicles used in the commission of a burglary are subject to forfeiture unless the owner establishes that the burglary was committed without his knowledge or consent. Thus, similar to cases under OCGA § 16-13-49, which concerns forfeitures of property used in committing illegal drug transactions, once the State shows under OCGA § 16-16-2 (a) that a motor vehicle[3] was used in the commission of a burglary, the burden of proof then shifts to the motor vehicle owner to show that the burglary was committed without his knowledge or consent. Cf. *Gen. Motors Acceptance Corp. v. State of Ga.*[4] ("[i]n a condemnation action, once the State has presented a prima facie case for forfeiture, the claimant has the burden of establishing by a preponderance of the evidence that it is an innocent owner"; construing OCGA § 16-13-49) (punctuation omitted); *Davis*, supra, 256 Ga. App. at 304 (2). The trial court did not err in following this procedure.

(c) *No Conviction Required*. Walker argues that in establishing its prima facie case that a burglary occurred, the State must show a burglary conviction. Citing no authority, Walker premises this argument on the statement that "[a] burglary has not taken place unless and until there has been a conviction." This premise is faulty. The State proves that a burglary has taken place when it shows that a person entered a building without authority and with the intent of committing a theft therein. See OCGA § 16-7-1 (a). OCGA § 16-16-2 (a) contains no language requiring a burglary conviction (or for that matter burglary charges), and we decline to inject such a requirement into the statute. Cf. *Hall v. State of Ga.*[5] (civil forfeiture under OCGA § 16-12-32 — forfeiture statute for property used in conjunction with illegal gambling — did not require criminal charges let alone conviction).

Citing Justice Hunstein's dissent in *Pimper v. State of Ga.*,[6] Walker argues that a conviction was required before Walker could be "punished" through the civil forfeiture statute. But Justice Hunstein emphasized that the case before her was an in personam proceeding, not an in rem proceeding, and therefore punishment of an individual was at issue:

---

[3] "Motor vehicle" certainly included the truck. Regarding the trailer, we hold that because the only civil forfeiture statute that defines "motor vehicle" includes trailers within its definition of "motor vehicle" (OCGA § 16-8-82 (2)), the trailer at issue here is also considered a "motor vehicle" under OCGA § 16-16-2.

[4] *Gen. Motors Acceptance Corp. v. State of Ga.*, 279 Ga. 328, 330 (613 SE2d 641) (2005).

[5] *Hall v. State of Ga.*, 226 Ga. App. 486, 487 (486 SE2d 710) (1997).

[6] *Pimper v. State of Ga.*, 274 Ga. 624, 627-632 (555 SE2d 459) (2001).

> The in personam nature of the complaint is incontrovertible, given the style of the complaint [naming individuals as defendants rather than designating specified property as defendant] and the recital within the complaint specifying that it was brought pursuant to OCGA § 16-14-7 (m), the provision in the RICO forfeiture statute which authorizes in personam forfeitures.

(Footnotes omitted.) Id. at 627. Here, the complaint was clearly in rem, as it named the truck and the trailer as defendants in rem and referenced Walker only as an owner of the items. See *Rojas v. State*[7] (where the "complaint specifically names the property as defendants and there is nothing in it or the order granting forfeiture that suggests [the property owner] would have any personal liability," case is "clearly in rem"). See also *Cuellar v. State*.[8] Thus, as the in rem defendant, the property was the "offender," not Walker, who could only be described as negligent in allowing his property to become involved in an offense. See *Thorp v. State of Ga.*[9] Justice Hunstein does not even hint that in rem proceedings should require that a conviction against the property owner be proved as an element of civil forfeiture, and we see no reason to engraft such a requirement onto the statute.

2. Walker next argues that he successfully proved (with uncontradicted evidence) that the burglary took place without his knowledge or consent and that therefore the court erred in ordering the property forfeited to the State. This was a fact question to be resolved by the court, which as the trier of fact was not obligated to believe a witness even if the testimony was uncontradicted. See *Tate v. State*.[10] We uphold a trial court's findings of fact if there is any evidence to support them. *Hodge*, supra, 257 Ga. App. at 205 (2).

In light of Walker's personal participation in removing the stolen property from the garage and placing it in his trailer, the court clearly had some evidence on which to reject Walker's claim that the burglary took place without his knowledge and consent. Moreover, Walker told police that he knew he should not be there and that taking the wood was not the right thing to do. He offered no resistance when confronted with the accusation of burglary but immediately stated it was a mistake and quickly led the others in returning the wood to the garage. He further admitted to police that he saw the "For Lease"

---

[7] *Rojas v. State*, 226 Ga. App. 688, 689-690 (487 SE2d 455) (1997).
[8] *Cuellar v. State*, 230 Ga. App. 203 (496 SE2d 282) (1998).
[9] *Thorp v. State of Ga.*, 264 Ga. 712, 715 (3) (450 SE2d 416) (1994).
[10] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

sign, which contradicted any notion that the garage was to be demolished. Finally, he admitted that the pictures of the garage and its interior taken that day showed an orderly operation, not a dilapidated property about to be demolished.

Inasmuch as some evidence supported the trial court's finding that Walker did not carry his burden of proving that the burglary took place without his knowledge or consent, we affirm.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED SEPTEMBER 12, 2006.

*Wilkinson & Wright, Neil L. Wilkinson, Paul T. Wright*, for appellant.

*Garry T. Moss*, District Attorney, *Susan K. Treadaway*, Assistant District Attorney, *Roger Garrison*, for appellee.