**FIRST DIVISION
ELLINGTON, C. J.,
PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

January 7, 2013

# In the Court of Appeals of Georgia

A12A2213. ORANGE v. STATE OF GEORGIA.

PHIPPS, Presiding Judge.

In this civil forfeiture case, Rudolph Orange appeals a judgment declaring two automobiles and a sum of money forfeited to the State of Georgia. Because Orange has demonstrated no reversible error, we affirm.

Citing OCGA § 16-13-49, the state filed a verified complaint for forfeiture, alleging that the Waycross Police Department had seized certain property as having been used, or intended for use, to facilitate an illegal drug trade operation or as having been found in close proximity to the unlawful drug cocaine. The complaint pertinently named as defendants in rem: (i) a 1998 Ford Crown Victoria automobile; (ii) a 1990 Cadillac Brougham automobile; and (iii) $308 in U. S. currency. The complaint named Orange as an owner of these items.

Represented by counsel before the trial court, Orange filed an answer, asserting ownership of those items listed above and seeking their return.

The trial court denied Orange's claim, detailing in its order that it had:

> held a hearing on the matter . . . on all the issues of fact and law asserted by the State, represented by Chief Assistant District Attorney, [attorney's name], and Rudolph Orange, represented by Attorney at Law, [attorney's name]; THIS COURT having heard all evidence presented and argument of counsel, the Court makes the following ruling: In accordance with OCGA § 16-13-49, all property claimed by Rudolph Orange is declared to be contraband and is forfeited to the State.

The order further specified: "It is the order of this court that . . . One (1) 1998 Ford Crown Victoria . . .; One (1) 1990 Cadillac Brougham . . .; [and $308] in U. S. currency, the property herein named as Defendant in rem and all interests, rights, and proceeds thereto stands and is forfeited to the State."

1. As an initial matter, we note that Orange's brief does not comply with certain of this court's rules. It contains no enumeration of errors, no standard of review, and no citations to the record; further, his arguments on the various issues are intermingled.[1]

_____

[1] See, e.g., Court of Appeals Rule 25.

2

Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this [c]ourt. . . . [A] party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form.[2]

While we observe that Orange is not represented by counsel on appeal, we reiterate that briefs such as the one filed by him "hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal regardless of the amount of leniency shown [to a pro se appellant]."[3]

Additionally, we note that in his notice of appeal, Orange did not request any transcript to be included in the record on appeal. "Our consideration of the

---

[2] *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996) (citation omitted).

[3] *Salazar v. State*, 256 Ga. App. 50 (567 SE2d 706) (2002); see *Leone v. Green Tree Servicing, LLC*, 311 Ga. App. 702, 704 (1) (716 SE2d 720) (2011) (noting that failure to comply with Court of Appeals Rule 25 hampers ability of reviewing court to ensure that all of appellant's arguments are considered).

contentions presented by [Orange] – who, as appellant, has the burden to affirmatively show error by the record – is affected by the meagerness of the record."[4]

"Nevertheless, we will address [Orange's] arguments, insofar as we are able to ascertain them from his brief."[5]

2. Orange contends that the trial court erred by proceeding with the hearing, asserting that "[his criminal case] is still pending and there has not been a conviction in this matter." Orange states: "I argue that by § 62C.01 criminal forfeiture – criminal forfeiture, (1) occurs only after a conviction, (2) after the defendant is convicted, he or she may also lose his or her interest in the property."

Pretermitting that his factual assertion lacks evidentiary support,[6] we discern no merit in his legal argument. The record before us, though scant, confirms that the

---

[4] *Azordegan v. Ebrahimi*, 311 Ga. App. 509 (1) (716 SE2d 528) (2011), citing *Sebby v. Costo*, 290 Ga. App. 61, 62 (658 SE2d 830) (2008).

[5] *Salazar*, supra; see generally *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999) (explaining that OCGA § 5-6-48 (f) imposes on appellate courts a duty to discern what errors an appellant is attempting to articulate; thus, if the enumeration of errors fails to enumerate clearly the errors sought to be reviewed, the appellate court is nonetheless required to consider the appeal where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what errors are sought to be asserted upon appeal).

[6] See generally Division 1, supra.

action sub judice was pursued by the state, then considered and ruled upon by the court, as an in rem civil forfeiture proceeding under OCGA § 16-13-49.[7] Such proceedings do not require that a conviction against the property owner be proved as an element of civil forfeiture.[8]

3. Orange complains that his property was "forfeited by stipulation, when in fact, [he] has not made any stipulation, or any comment to the courts in writing, nor by proxy of his attorney."

---

[7] See *Walker v. State*, 281 Ga. App. 526, 530 (1) (c) (636 SE2d 705) (2006) (ascertaining that the complaint was "clearly in rem" because it named the truck and trailer as defendants in rem and referenced the appellant only as an owner of the items); *Rojas v. State*, 226 Ga. App. 688, 689-690 (487 SE2d 455) (1997) (determining that where the "complaint specifically names the property as defendants and there is nothing in it or the order granting forfeiture that suggests [the property owner] would have any personal liability, case is "clearly in rem""); see generally *Murphy v. State of Ga.*, 267 Ga. 120, 121 (475 SE2d 907) (1996) (explaining that, while OCGA § 16-13-49 has punitive aspects, the statute serves the nonpunitive goals, among others, of rendering illegal behavior unprofitable, ensuring that persons do not profit from their illegal acts, and removing from circulation forbidden items unlawfully used or intended for illegal use); *Gravley v. State*, 285 Ga. App. 691, 692 (1) (647 SE2d 372) (2007) (recognizing that, although the statute, OCGA § 16-13-49, governing forfeitures is in the criminal code, such forfeiture action is a civil proceeding).

[8] *Walker*, supra at 529-530 (explaining further that the in rem defendant is the property, not the property owner, who could only be described as negligent in allowing his property to become involved in the offense).

5

Orange's assertion that his property was "forfeited by stipulation" is not supported by the record. According to the trial court's order, a hearing was held relative to Orange's claim to the automobiles and cash; Orange was represented by counsel at that hearing; the court considered all evidence and argument presented by both Orange's lawyer and the state's lawyer; and thereupon, the court declared the property forfeited as contraband. As stated above, Orange did not cause a transcript of the hearing to be included in the record on appeal.[9] "Where, as here, there is no transcript of the evidence, we must conclude the evidence supported the trial court's findings of fact which in turn support the judgment."[10] Consequently, Orange's complaint provides no basis for reversal.

4. Orange contends that the trial court erred by conducting the hearing outside his presence. He asserts in his brief that "[b]y no fault of [his], he was not allowed to

---

[9] See Division 1, supra.

[10] *Tavakolian v. Scott*, 282 Ga. 578, 579 (652 SE2d 542) (2007) (citation and punctuation omitted); see *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005) (noting that in the absence of a transcript, appellate court "must presume that the evidence supports the judge's findings"); *Portee v. State of Ga.*, 277 Ga. App. 536, 537 (1) (a) (627 SE2d 63) (2006) ("[W]hen a portion of the record which is necessary for our determination of one or more appellate issues is not before the court, the trial court's express or implicit ruling as to those issues must be affirmed.") (citation, punctuation, and footnote omitted).

be present at that hearing"; that he had "express[ed] to his attorney . . . that he indeed wanted to be present at the hearing to defend and reclaim his property"; that his lawyer knew that he was incarcerated in a particular detention facility, yet his lawyer "failed to have [him] transported to the court for the hearing." According to Orange, the trial court denied him "due process of law, which gives him . . . [the right] to be present to take the stand in [his] own defense."

"A fundamental requirement of due process in any proceeding is that litigants have notice and an opportunity to be heard, but due process does not guarantee a particular form or method of state procedure. Due process is flexible and calls for such procedural protections as the particular situation demands."[11]

Again, however, Orange has failed to cite any evidence supporting his underlying factual assertions – here, that his testimony was pertinent to whatever strategy (unrevealed to this court) that he and his lawyer were pursuing and that he had informed his lawyer that he wished to attend the hearing so as to take the stand (and thus be subjected to cross-examination); and we will not speculate thereon.[12]

---

[11] *Murray v. Hooks*, 313 Ga. App. 485 (722 SE2d 82) (2012), citing *Nodvin v. State Bar of Ga.*, 273 Ga. 559, 560 (3) (544 SE2d 142) (2001).

[12] See *Portee*, supra at 539 (5) (assertions that lacked an evidentiary basis demonstrated no reversible error); *In the Interest of F. L. S. IV*, 232 Ga. App. 100,

7

Given the foregoing, we cannot conclude that Orange, who was represented by counsel at the civil hearing and whose evidence and argument were thus presented to and considered by the court in rendering its decision, was nevertheless deprived of due process for reason of his physical absence from the hearing.[13] Orange has cited no authority with regard to this claim, and we have found none providing for an outcome in his favor.

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

101(502 SE2d 256) (1998) (holding that party's failure to specify how his presence would have been of assistance at the hearing precluded the requisite showing of harm); *Baugh v. Robinson*, 179 Ga. App. 571, 572 (346 SE2d 918) (1986) (finding no merit in appellant's contention that he was denied due process and the opportunity to present his case, where there was no hearing transcript and thus appellate court assumed that the actions taken by the trial court during the hearing were appropriate); see also *Leone,* supra (reminding litigants that "allegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review") (footnote omitted).

[13] Accord *In the Interest of C.C.E.*, 246 Ga. App. 584-585 (540 SE2d 704) (2000) (rejecting incarcerated father's claim of a due process violation, where due to father's own inability to conform to the law, the father was unable to avail himself of the opportunity to appear in person, and where father was represented in all parental termination proceedings by counsel who appeared in his stead); *In the Interest of F. L. S. IV*, supra at 101 (determining that incarcerated father's due process rights were not violated, where father could not physically attend termination proceedings because of his inability to conform his conduct to the law, the father had refused to participate via telephone, and his appointed counsel appeared in his stead, cross-examined witnesses, and argued on father's behalf).

8