A95A1254. WAYE v. THE STATE.
(464 SE2d 19)

Andrews, Judge.

Defendant Ulyssee Waye faces charges of sale of cocaine (OCGA § 16-13-30), possession of cocaine with intent to distribute (OCGA § 16-13-30), and possession of a firearm during the commission of a crime (OCGA § 16-11-106). He appeals the denial of his motion to dismiss, or alternatively, plea in bar based on double jeopardy grounds.

Waye asserts that county law officers executing a search warrant at his residence seized $78,254 and discovered the cocaine upon which the instant state drug charges are predicated. They transferred the currency to federal officials who initiated federal forfeiture proceedings pursuant to 21 USC § 881 et seq. Waye asserts that neither he nor his counsel received notice of the seizure and he never contested the forfeiture. The record shows that the notice of seizure was addressed to Waye at 162 Morris Street, Kingsland, Georgia, and the notice states it will be published for three successive weeks in USA Today. A declaration of forfeiture was entered administratively before the instant criminal proceedings were commenced.

After his indictment, Waye filed the motion to dismiss or, alternatively, plea in bar from which he appeals. The trial court denied the motion, finding that Waye's failure to contest the forfeiture meant he was not placed in jeopardy in those proceedings. It also found that the Georgia Code sections prohibiting double jeopardy did

not bar the prosecution because they reached only prior criminal proceedings and not the civil forfeiture proceedings at issue here.

Waye argues that double jeopardy attached after the conclusion of federal civil forfeiture proceedings against the currency seized from his home, barring his criminal prosecution. He contends that the forfeiture proceedings constituted punishment within the meaning of the double jeopardy clause.

Waye is correct in arguing that the double jeopardy clause prohibits multiple punishments for the same offense and that civil penalties may constitute punishment for double jeopardy purposes when imposed for retribution and deterrence. *United States v. Halper*, 490 U. S. 435, 440, 448 (109 SC 1892, 104 LE2d 487) (1989). Moreover, punishment has been found to be one purpose of forfeitures under 21 USC § 881 (a) (4) and (7). *Austin v. United States*, 509 U. S. ___ (113 SC 2801, 125 LE2d 488, 503) (1993). We need not decide, however, whether the forfeiture at issue would subject Waye to an unconstitutional double punishment were his criminal prosecution to proceed. Jeopardy never attached because Waye never filed a claim on the currency at issue. The constitutional policies underpinning the double jeopardy clause are not implicated before jeopardy attaches. *Serfass v. United States*, 420 U. S. 377, 390-391 (95 SC 1055, 43 LE2d 265) (1975).

A forfeiture proceeding is an in rem action premised on the legal fiction that the property itself committed a crime. See *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U. S. 663, 680-684 (94 SC 2080, 40 LE2d 452) (1974). Before claimants to the seized property can defend on the merits, they must file a claim. *United States v. Approximately 2,538.85 Shares of Stock*, 988 F2d 1281, 1284 (1st Cir. 1993). If no claim is filed, claimants lack standing to contest the forfeiture. Id. Waye's failure to file a claim means he was never a party to the forfeiture and was not, in a legal sense, subject to its punitive aspects. Therefore, jeopardy never attached to Waye in the forfeiture proceedings.[1]

We also find that Waye's prosecution is not barred by the applicable double jeopardy provisions of Georgia law. Ga. Const. 1983, Art. I, Sec. I, Par. XVIII; OCGA §§ 16-1-6, 16-1-7, 16-1-8; *Stone v. State*, 166 Ga. App. 245 (304 SE2d 94) (1983). It appears that the double jeopardy clause of the Georgia Constitution is construed no more broadly than the federal constitution. Ga. Const. 1983, Art. I, Sec. I, Par. XVIII; *State v. Oliver*, 188 Ga. App. 47, 49 (372 SE2d 256) (1988). While the applicable Code sections "extend the proscription

---

[1] Waye raises due process issues regarding his lack of notice in the federal proceedings, but this is not the appropriate forum in which to contest the constitutional validity of the forfeiture. See, e.g., *Torres v. $36,256.80 U. S. Currency*, 25 F3d 1154, 1161 (2d Cir. 1994).

of double jeopardy beyond those constitutional limits" by their language, they apply only to criminal proceedings, not to civil proceedings. *State v. Martin*, 173 Ga. App. 370, 371 (326 SE2d 558) (1985); OCGA §§ 16-1-6, 16-1-7, 16-1-8; see *Godfrey v. State*, 248 Ga. 616, 619 (284 SE2d 422) (1981). Moreover, these sections, too, are triggered only after jeopardy attaches. *Geckles v. State*, 177 Ga. App. 70, 72 (338 SE2d 473) (1985). Accordingly, the trial judge properly denied Waye's motion.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 6, 1995 — 

*John J. Ossick, Jr.*, for appellant.
*W. Glenn Thomas, Jr., District Attorney, Carole E. Wall, Assistant District Attorney*, for appellee.