## A96A0594. DURFEE v. THE STATE.
### (471 SE2d 32)

Judge Harold R. Banke.

After a bench trial, Vickie Hafley Durfee was convicted of one count of trafficking in cocaine and one count of criminal attempt to traffic in cocaine. On appeal, she argues that her convictions exposed her to double jeopardy and challenges the sufficiency of the evidence on the attempt charge.

Viewed in the light most favorable to the verdict, the State's evidence showed that Durfee entered into a drug transaction with a confidential informant which involved the transfer of approximately two ounces of cocaine. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The transaction which provided the basis for the second count occurred when the confidential informant delivered several ounces of "sham" cocaine to Durfee, who was arrested several moments later.

Prior to her convictions, federal authorities initiated a civil forfeiture proceeding against Durfee's residence arising out of the same activity. After Durfee's state court convictions, the forfeiture case culminated in a consent judgment requiring Durfee to pay $18,000 in lieu of forfeiting her property. *Held*:

1. The trial court properly rejected Durfee's double jeopardy argument. Although the federal prohibition against double jeopardy may reach civil proceedings in "rare" instances when civil penalties may constitute punishments for double jeopardy purposes, it does not apply here because the double jeopardy clause reaches only subse-

quent punishments, not the initial punishment imposed for a criminal act. *United States v. Halper*, 490 U. S. 435, 448-449 (109 SC 1892, 104 LE2d 487) (1989); *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (1) (428 SE2d 71) (1993).

Although the issue is one of first impression in this State, we believe jeopardy attached in the federal civil forfeiture action when the judgment was entered and the sanction actually meted out, which occurred after Durfee's criminal convictions. Accord *United States v. Stanwood*, 872 FSupp. 791 (D. Or. 1994). Because no other judgment had been rendered at the time of Durfee's convictions, double jeopardy analysis has no application to this case.

This finding precludes Durfee's arguments under state constitutional and statutory law. Moreover, Georgia's statutory protections against double jeopardy have no application to civil proceedings. *Murphy v. State*, 219 Ga. App. 474 (465 SE2d 497) (1995).

2. We reject Durfee's argument that, because the informant supplied her with "sham" cocaine, the evidence of attempted trafficking was insufficient. *Jackson v. Virginia*, 443 U. S. at 319-320. The fact that Durfee attempted to traffic imitation cocaine does not relieve her of culpability absent evidence that she knew the substance was not cocaine. *Guzman v. State*, 206 Ga. App. 170, 171-172 (2) (424 SE2d 849) (1992); OCGA § 16-4-4. No such evidence was presented.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MAY 1, 1996 —

*Spruell & Dubuc, Billy L. Spruell, Melinda D. Taylor*, for appellant.

*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.

