## A97A0643. LUNDY v. STATE OF GEORGIA.

(482 SE2d 516)

BLACKBURN, Judge.

Ralph C. Lundy, Jr. appeals the trial court's order granting forfeiture of $1,181 pursuant to OCGA § 16-13-49 (d) (6). On appeal, Lundy contends the forfeiture violates the excessive fine clause and prohibition against double jeopardy contained in the United States Constitution.

1. In his first enumeration of error, Lundy contends the forfeiture violates the excessive fine clause contained in the Eighth Amendment to the United States Constitution.

In *Thorp v. State of Ga.*, 264 Ga. 712, 717 (450 SE2d 416) (1994), the Supreme Court of Georgia established a three-factor test to determine whether a civil forfeiture violated the Eighth Amendment, to wit: (1) Compare the inherent gravity of the offense with the harshness of the penalty; (2) Evaluate "whether the property was close enough to the offense to render it 'guilty' "; and (3) Determine " 'whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use.' " "Proper application of these factors requires the trial court to make certain mixed findings of law and fact. Normally a trial court's findings of fact as to these matters must be accepted by an appellate court unless clearly erroneous." *Thorp v. State of Ga.*, 217 Ga. App. 275, 276 (2) (457 SE2d 234) (1995).

In the present case, after a hearing, the trial court determined that the currency at issue was used in the purchase of cocaine, and that such currency was found in close proximity to more than one gram of cocaine which was packaged for resale. The record does not contain a transcript of the hearing; therefore, "we must assume the ruling of the trial court is supported by the evidence." (Citations and punctuation omitted.) *Grisson v. State*, 208 Ga. App. 679, 680 (431 SE2d 468) (1993). As we cannot say the trial court's findings of fact were clearly erroneous, its determination will not be reversed.

2. In his second enumeration of error, Lundy contends the forfeiture proceeding violated the prohibition against double jeopardy because he had previously been prosecuted for the underlying crime of possession of cocaine. This argument has been decided adversely to Lundy in *United States v. Ursery*, 518 U. S. ___ (116 SC 2135, 135 LE2d 549) (1996), wherein the United States Supreme Court determined that "civil forfeitures . . . do not constitute 'punishment' for purposes of the Double Jeopardy Clause." 135 LE2d at 557. See cf. *Durfee v. State*, 221 Ga. App. 211 (471 SE2d 32) (1996) (no application of double jeopardy when no other judgment rendered at the time of conviction); *Murphy v. State*, 219 Ga. App. 474 (465 SE2d 497) (1995) (double jeopardy applies only to subjecting defendant to crimi-

nal process twice, and civil forfeiture proceeding is not a criminal prosecution); *Waye v. State*, 219 Ga. App. 22 (464 SE2d 19) (1995) (criminal proceedings not barred by double jeopardy due to previous forfeiture proceeding).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 28, 1997 —
RECONSIDERATION DENIED APRIL 17, 1997 —
Before Judge Wood.
Ralph C. Lundy, Jr., *pro se.*
*Ralph L. Van Pelt, Jr., District Attorney, Bruce E. Roberts, Michael J. Moeller, Assistant District Attorneys,* for appellee.