**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FENG HSIN CHEN,

      Petitioner-Appellant,

v.

JOHN ASHCROFT, United States
Attorney General; LUIS GARCIA,
District Director, El Paso District,
Immigration and Nationalization
Service,

      Respondents-Appellees.

No. 03-2078
(D. N.M.)
(D.Ct. No. 02-CV-434-MV/LFG)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **PORFILIO**, and **BRORBY**, Senior Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Appellant Feng Hsin Chen, a citizen of Taiwan represented by counsel, appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]  We affirm the district court's decision.

Mr. Chen is a native and citizen of Taiwan who entered the United States in 1982, at the age of twenty-three, as a lawful permanent resident.  On September 25, 1995, after pleading guilty, a Georgia state district court convicted Mr. Chen of possession and sale of marijuana, possession of marijuana with intent to distribute, and possession of a firearm during the commission of a crime.  Mr. Chen received a sentence of fifteen years imprisonment, of which the state court suspended thirteen years.

On September 4, 1998, the Immigration and Naturalization Service instituted removal proceedings against Mr. Chen; on April 15, 1999, the

---

[1]  Because Mr. Chen is subject to a federal deportation order and is considered in Immigration and Naturalization Service custody, *see Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291-92 (10th Cir. 2001), a certificate of appealability is not required to appeal the district court's denial of his § 2241 habeas petition. *See id.* at 1292; *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Immigration Court entered an order of removal pursuant to § 237(a)(2)(B)(i)[2] and § 237(a)(2)(A)(iii)[3] of the Immigration and Nationality Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978. On February 16, 2001, the Board of Immigration Appeals affirmed the order of removal, noting Mr. Chen's deportation was also based on § 237(a)(2)(c)[4] for his firearm conviction.

Mr. Chen filed his § 2241 petition requesting relief in the New Mexico federal district court. In his petition, Mr. Chen claimed the Immigration Court erred in ruling him ineligible for a discretionary waiver under § 212(c) of the Immigration and Naturalization Act, previously codified at 8 U.S.C. § 1182(c) (1995). In his petition, Mr. Chen did not raise an international law argument, but in a subsequent pleading, Mr. Chen claimed the Immigration Court erred in not allowing him an opportunity to advance an argument that his deportation would violate certain immigration treaties.

---

[2] This section is currently codified at 8 U.S.C. § 1227(a)(2)(B)(i) (2003). During the period Mr. Chen pled guilty, it was codified at 8 U.S.C. § 1251(a)(2)(B)(i) (1995).

[3] This section is currently codified at 8 U.S.C. § 1227(a)(2)(A)(iii) (2003). During the period Mr. Chen pled guilty, it was codified at 8 U.S.C. § 1251(a)(2)(A)(iii) (1995).

[4] This section is currently codified at 8 U.S.C. § 1227(a)(2)(C) (2003). During the period Mr. Chen pled guilty, it was codified at 8 U.S.C. § 1251(a)(2)(C) (1995).

The New Mexico federal district court referred Mr. Chen's petition to a magistrate judge who issued a "Magistrate Judge's Findings and Recommended Disposition" (Recommendation), in which the magistrate judge recommended denying the petition and dismissing Mr. Chen's action with prejudice. In so doing, the magistrate judge found Mr. Chen is a "removable alien," convicted of the aggravated felony of possession of a firearm in the commission of a crime. He noted Mr. Chen's guilty plea and conviction predated the passage of the Anti-Terrorism and Effective Death Penalty Act and the Immigration Reform and Immigrant Responsibility Act, which repealed § 212(c) (codified at 8 U.S.C. § 1182(c)) – a provision giving the Attorney General the ability to provide discretionary relief to aliens facing deportation. Because Mr. Chen's guilty plea preceded those Acts, the magistrate judge determined neither Act applied retroactively to Mr. Chen, and, therefore, a discretionary waiver of deportation under § 212(c) (8 U.S.C. § 1182(c)) existed at the time Mr. Chen pled guilty. However, the magistrate judge found Mr. Chen ineligible for discretionary relief because he received a firearms conviction, which would render him ineligible for discretionary relief before or after enactment of either Act.

As to the application of international treaties, the magistrate judge determined the immigration judge allowed Mr. Chen to advance his international

-4-

law argument and, therefore, rejected the argument as grounds for habeas relief. In his objections to the Recommendation, Mr. Chen advanced a different argument, claiming the immigration judge did allow him to advance his international law argument, but improperly failed to consider it. In support of his international law claim and in reviewing the magistrate judge's Recommendation, Mr. Chen directed the district court to consider the Universal Declaration of Human Rights and the International Covenant of Civil and Political Rights.

After reviewing Mr. Chen's objections, the district court entered both an "Order" and Judgment adopting the magistrate judge's Recommendation. In denying Mr. Chen's § 2241 petition and dismissing the action with prejudice, the district court determined "the bedrock basis for the [Recommendation] was the fact that [Mr. Chen's] firearms conviction precluded any review under § 212(c)." Relying on *Hain v. Gibson*, 287 F.3d 1224, 1243 (10th Cir. 2002), *cert. denied*, 537 U.S. 1173 (2003), the district court also concluded the International Covenant on Civil and Political Rights did not override or supercede federal statutory immigration law because Congress never enacted implementing legislation for that treaty.

On appeal, Mr. Chen raises the following issue:

> Whether a lawful permanent resident alien can be removed from the United States if convicted of a firearms offense under 8 U.S.C. § 237(a)(2)(C), without a consideration of discretionary relief under Section 212(c) of the INA (previously at 8 U.S.C. § 1192(c)) even though various international treaty and covenant obligations of the United States and other international practice may be interpreted to require consideration of discretionary relief.

In raising this issue, Mr. Chen claims the district court erred in determining the International Covenant on Civil and Political Rights was "not self-executing," and by failing to address his international law argument based on the Universal Declaration of Human Rights, the European Convention on Human Rights, the American Declaration of Rights and Duties of Man, and the American Convention on Human Rights.

We review the district court's dismissal of a habeas corpus petition *de novo*. *See Bradshaw*, 86 F.3d at 166. We may affirm a district court's decision denying a § 2241 petition on any grounds supported by the record. *See Aguilera*, 241 F.3d at 1290.

In this case, the facts and applicable law are straightforward and support the district court's decision. In 1995, Mr. Chen pled guilty and was convicted in Georgia state court for possession and sale of marijuana and possession of marijuana with intent to distribute, under Ga. Code Ann. § 16-13-30 (1995), and

possession of a firearm during the commission of a crime, under Ga. Code Ann. § 16-11-106 (1995).[5] Under the federal statutory provisions in place at the time of Mr. Chen's guilty plea, an alien convicted of possession of a weapon in violation of any law was clearly deportable. *See* 8 U.S.C. § 1251(a)(2)(C) (1995). Moreover, § 212(c) – the discretionary waiver provision in effect at that time – clearly states the Attorney General's authority to exercise discretion "shall not apply to an alien convicted of one or more aggravated felonies." *See* 8 U.S.C. § 1182(c) (1995). It is well established that at the time of Mr. Chen's guilty plea and conviction, the discretionary waiver did not apply to aliens convicted of a firearms violation, including state firearms convictions. *See Gjonaj v. INS*, 47 F.3d 824, 827 (6th Cir. 1995) (state conviction); *Rodriguez v. INS,* 9 F.3d 408, 413 (5th Cir. 1993) (state conviction); *Campos v. INS*, 961 F.2d 309, 314-15 (1st Cir. 1992) (state conviction); *Cabasug v. INS*, 847 F.2d 1321, 1325 (9th Cir. 1988) (state conviction). As a result, in reviewing the statutes applicable at the time of Mr. Chen's guilty plea and conviction, as well as current statutes, it is clear he was then, and is now, ineligible for a discretionary waiver of his

---

[5] While the record does not indicate the Georgia state statute under which Mr. Chen was convicted for possession of a firearm during the commission of a crime, it is clear Ga. Code Ann. § 16-11-106 (1995) is the applicable statute. *See, e.g., Wallace v. State*, 455 S.E.2d 615, 616 (Ga. Ct. App. 1995) (noting conviction for possession of a firearm during the commission of a crime falls under § 16-11-106); *Waye v. State*, 464 S.E.2d 19, 22 (Ga. Ct. App. 1995) (same).

deportation order.

With respect to his international argument, we note the district court correctly relied on this court's decision in *Hain*, 287 F.3d at 1243, by concluding the International Covenant on Civil and Political Rights did not override nor supercede federal statutory immigration law because Congress never enacted implementing legislation for that treaty. Admittedly, the district court did not address Mr. Chen's additional argument his deportation is illegal under the Universal Declaration of Human Rights, which he also raised in his objections to the magistrate judge's Recommendation and before the Immigration Court.[6] We conclude the district court did not err in failing to address this or the other documents relied on by Mr. Chen, based on the grounds provided below.

We begin by noting that even if Mr. Chen raised his international law argument before the Immigration Court, nothing in the record establishes he raised it before the Board of Immigration Appeals, including the board's decision which makes no reference to any such argument. We have held "[t]he failure to

---

[6] Although Mr. Chen claims he also based his international law argument to the Immigration Court on the European Convention on Human Rights, the record provided does not support his contention.

raise an issue on appeal to the Board [of Immigration Appeals] constitutes failure to exhaust administrative remedies ... and deprives the Court of Appeals of jurisdiction to hear the matter." *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991).

Moreover, Mr. Chen did not make his international law argument in his § 2241 petition, and only advanced it before the magistrate judge in one of his response pleadings, in the following cursory paragraph:

> Petitioner would also advance other international law arguments, including but not limited to, provisions in the American Declaration of Rights and Duties of Man, Chapter 1, Article II (right to equality before the law) and Article XVIII (right to a fair trial), the American Declaration on Human Rights, Article VII, and the American Convention on Human Rights, Article XXII. While admittedly persuasive in nature only, Petitioner would also advance international law arguments base[d] on European Convention on Human Rights, Article 3, which recognizes that the length of residence in the country increases the weight of an alien's right to stay.

Despite the numerous documents relied on in this paragraph, in his objections to the Recommendation, Mr. Chen relied only on the Universal Declaration of Human Rights and the International Covenant of Civil and Political Rights to advance his international law argument.

It is clear Mr. Chen provided the magistrate judge and district court a perfunctory, secondary international-law argument not raised in his petition,

-9-

which he only developed during the course of litigation. On appeal, the entirety of his appeal brief focuses only on an international-law argument – not the issues raised in his petition. In the past, we have concluded such an undeveloped and secondary argument is insufficient to preserve an argument on appeal. *Cf. Tele-Communications, Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1233-34 (10th Cir. 1997).

However, even if Mr. Chen did exhaust his international law argument and we deemed it sufficiently preserved for appeal, we find his argument nevertheless lacks merit because this court is not bound by the documents on which he relies. The United States has not ratified the American Convention on Human Rights, opened for signature December 19, 1966, and, therefore, we are not bound by it. *See Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 162-64 (2d Cir. 2003). Similarly, the Universal Declaration of Human Rights is merely a resolution of the United Nations, and the American Declaration of the Rights and Duties of Man and American Declaration of Human Rights are simply multinational declarations; none is binding on the United States or on this court. *Id.* at 165 & n.36, 167-68 & n.38, 169. As to the European Convention on Human Rights, it is an instrument applicable only to its regional state parties and not intended to create new rules of customary international law. *Id.* at 170. Not only are these

-10-

documents non-binding, but under the circumstances of this case, we find them unpersuasive in convincing us Mr. Chen could qualify for a discretionary wavier or otherwise avoid deportation based on his prior firearms conviction.

For the reasons stated, and for substantially the same reasons articulated in the magistrate judge's November 7, 2002 Recommendation and the district court's January 30, 2003 Order, we **AFFIRM** the district court's Judgment denying Mr. Chen's petition and dismissing his action with prejudice, and **DISMISS** this appeal. The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge