[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10835
Non-Argument Calendar
_____

D. C. Docket No. 04-00182-CR-1-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDRICK HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 16, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Fredrick Harris appeals his 115-month sentence imposed for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Harris contends that the district court erred by applying U.S.S.G. § 2K2.1(b)(5) to enhance his base offense four levels because the government failed to present sufficient evidence to prove that he possessed or used a firearm in connection with any felony offense. Harris argues that, even though he was convicted in state court for the felony offenses of possession with intent distribute marijuana and cocaine based on the same offense conduct at issue in the instant case, later tests proved that Harris had possessed the antacid kaolin and not cocaine. Harris acknowledges that he cannot collaterally attack his state convictions in federal court but argues that the district court erroneously based its application of § 2K2.1(b)(5) on Harris's possession of a legal substance, kaolin, which is not a felony. Harris argues further that a substance is not a "counterfeit" drug simply because it bears some physical similarity to prohibited substances.

We review a sentencing court's factual findings for clear error and reviews de novo that court's application of the sentencing guidelines to the facts. United States v. Jackson, 276 F.3d 1231, 1233 (11th Cir. 2001). The government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement. United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999). "Preponderance of the evidence is not a high standard of

2

proof. It is not, however, a toothless standard either, and a district court may not abdicate its responsibility to ensure that the prosecution meets this standard before adding months or years onto a defendant's prison sentence." Id.

Section 2K2.1(b)(5), which addresses unlawful possession of firearms and prohibited transactions involving firearms, states that a defendant's offense level should be increased by four levels if, inter alia, "the defendant used or possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). A "felony offense" includes any federal, *state*, or local offense that is "punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought or conviction obtained" and "another felony offense" is defined as "offenses other than explosives or firearms possession or trafficking offenses." U.S.S.G. § 2K2.1, comments. (n.4), (n.15) (emphasis added).

Under Georgia law, it is a felony "for any person to manufacture, deliver. . . sell or possess with intent to distribute any controlled substance" including "a counterfeit substance" and "marijuana." O.C.G.A. § 16-13-30(b), (h), (i), (j)(1). The Georgia Controlled Substances Act defines a "Counterfeit substance" as "[a] controlled substance or noncontrolled substance, which is held out to be a controlled substance or marijuana, whether in a container or not which does not bear a label which accurately or truthfully identifies the substance contained

3

therein; or . . . Any substance, whether in a container or not, which bears a label falsely identifying the contents as a controlled substance." O.C.G.A. § 16-13-21(6)(B), (C). Moreover, in Durfree v. State, 221 Ga.App. 211 (Ga. Ct. App. 1996), the Georgia Court of Appeals rejected the argument that "because the informant supplied [the defendant] with 'sham' cocaine, the evidence of attempted trafficking was insufficient." Dufree, 221 Ga.App. at 212. The Georgia Court of Appeals held that "the fact that [the defendant] attempted to traffic imitation cocaine [did] not relieve her of culpability absent evidence that she knew the substance was not cocaine." Id.

Although § 2K2.1(b)(5) does not define the phrase "in connection with," we have stated that it reads this phrase expansively. United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002) (involving the application of U.S.S.G. § 2B5.1(b)(3)'s offense level increase for possessing a dangerous weapon "in connection with" a counterfeiting offense). According to the ordinary and natural meaning of the phrase "in connection with," "the firearm does not have to facilitate the underlying offense." Id. at 692, 695 (holding that the defendants had possessed firearms "in connection with" the underlying felony because the evidence showed that, even if the firearms were unloaded and inoperable, the defendants placed them in a stolen vehicle with the counterfeit cash, they could have easily obtained ammunition for

4

the firearms, and it was reasonable to conclude that the firearms' presence protected the counterfeit money from theft during the execution of the felony).

Additionally, even if the "other" offense occurs contemporaneously with, and without a distinction of conduct from, the offense of conviction, the four-level enhancement may still be applied. See United States v. Jackson, 276 F.3d 1231, 1234 (11th Cir. 2001) (upholding enhancement where defendant pled guilty to being a felon in possession of a firearm, which offense occurred contemporaneously with the "other" state felony of assault and battery of police officers). Moreover, in United States v. Gainey, 111 F.3d 834 (11th Cir. 1998) (§ 4B1.4(b)(3)(A)[1] context), we determined that the firearm was used "in connection with" the defendant's heroin possession because the defendant had the heroin around his neck, and had placed the firearm in his pants pocket such that the weapon was readily accessible to him if he needed its protection. Id. at 837; see also United States v. Matos-Rodriguez, 188 F.3d 1300, 1308-09 (11th Cir. 1999) (holding that, under U.S.S.G. § 2B5.1(b)(3), a firearm need not facilitate the underlying offense of the sale of counterfeit currency in order it to be possessed "in connection with" that offense).

---

[1] Section 4B1.4(b)(3)(A) addresses "armed career criminals" and authorizes an enhancement "if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense." Gainey, 111 F.3d at 837 (citing § 4B1.4(b)(3)(A)).

In this case, the district court did not err in applying a four-level enhancement to Harris's sentence because the record reflects that Harris possessed the firearm in connection with two state felony offenses, which could be used pursuant to § 2K2.1(b)(5) to enhance his sentence. First, Harris's case meets the "in connection with" requirement set forth in § 2K2.1 because like the defendant in Gainey, who had heroin around his neck and a firearm in his pants pocket, Harris was arrested with a firearm in one pocket and 15 bags of marijuana, one suspected chunk of crack cocaine, and one suspected hit of crack cocaine in another pocket. See Gainey, 111 F.3d at 837.

Second, Harris was convicted of four state offenses resulting from the same offense conduct, two of which (possession with intent to distribute cocaine and possession with intent to distribute marijuana) are considered felony offenses under Georgia law. The fact that the crack cocaine on which the Georgia convictions were based was later found to be fake is irrelevant for several reasons. First, Harris pleaded guilty to both state offenses and, at that time, did not argue that the crack cocaine was fake. Second, § 2K2.1(b)(5) only requires the firearm to be used in connection with one felony offense and Harris had also pleaded guilty to possession with intent to distribute marijuana, a state felony offense. Third, under Georgia law, Harris could have also been found guilty of possession with intent to

6

distribute a counterfeit substance, a felony offense pursuant to O.C.G.A. § 16-13-30(i).  Lastly, as acknowledged by Harris at his sentencing hearing, he may not collaterally attack his state convictions in federal court.

**AFFIRMED.**