## A01A0478. SALMON v. STATE OF GEORGIA.

(549 SE2d 421)

SMITH, Presiding Judge.

This case arises out of a judgment against Ronald Salmon in a civil forfeiture proceeding. Salmon appeals from the denial of his motion for new trial. We do not agree with Salmon that the evidence was insufficient to support the judgment of forfeiture. We do agree, however, that the record does not reveal whether the trial court considered the mandatory guidelines of *Thorp v. State of Ga.*, 264 Ga. 712, 717-718 (3) (450 SE2d 416) (1994), in determining whether the forfeiture was excessive. We therefore vacate the judgment of the trial court and remand this case to the trial court with direction that the court consider those factors and make appropriate findings on the record.[1]

1. Salmon first contends that the evidence was insufficient to support the forfeiture of the subject property, $5,652 in United States currency. He asserts that the State failed to show that the money "fell into one of the six categories of property declared to be contraband under OCGA § 16-13-49 (d)." He further argues that no evidence showed that the money was intended to facilitate a violation of the Georgia Controlled Substances Act or that it was "proceeds derived or realized from" such a violation.

The State introduced evidence that Salmon was searched when he returned to his home while the police were executing a search warrant on the premises. The police found approximately 200 diazepam or Valium tablets, a hydrocodone tablet, and several other medications in tablet form concealed in Salmon's boot. Police also found a small quantity of marijuana, rolling papers, a straw, a partially consumed marijuana cigarette, and $5,652 in currency in his pants pocket. A drug detection dog alerted on the van Salmon arrived in, and a search revealed approximately a quarter-pound of marijuana and a set of scales. Salmon agreed to talk to the police. He stated that he had obtained a substantial quantity of methamphetamine from an individual who was manufacturing the drug and that he intended to sell the diazepam to this person.

Salmon contends the currency found in his pocket was part of the proceeds of a personal injury litigation settlement he had received a few days earlier. Although he did not testify, he tendered into evidence the check and settlement agreement. But "the trial court, as the trier of fact, judged the credibility of the witnesses. Its findings of fact will not be set aside unless clearly erroneous. Since the clearly erroneous test is the same as the any evidence rule, we

---

[1] The State of Georgia has failed to file a brief on appeal.

will not disturb the factfindings of the trial court where, as here, there is evidence to support them." (Citations omitted.) *Shook v. State of Ga.*, 221 Ga. App. 151, 152 (470 SE2d 535) (1996). The evidence was sufficient for the trial court to determine that forfeiture of the currency was proper under OCGA § 16-13-49 (d) (2), as property "directly or indirectly, used or intended for use in any manner to facilitate a violation of this article or any proceeds derived or realized therefrom." Alternatively, the trial court could have found forfeiture proper under subsection (d) (6), as "moneys . . . or other things of value which are found in close proximity to any controlled substance or marijuana or other property which is subject to forfeiture." See *Gearin v. State of Ga.*, 218 Ga. App. 390, 392 (2) (461 SE2d 562) (1995).

2. Salmon also contends that forfeiture of the cash seized amounted to an excessive fine within the meaning of the Eighth Amendment to the U. S. Constitution. The Supreme Court of Georgia, in *Thorp*, supra, adopted a three-part test "as the minimal inquiry that must be made in analyzing a claim under the excessive fines provision of the Eighth Amendment. [Cit.]" *Mitchell v. State of Ga.*, 236 Ga. App. 335-336 (1) (511 SE2d 880) (1999). First, the trial court must compare the inherent gravity of the offense with the harshness of the penalty; second, it must consider whether the property seized was close enough to the offense to render it "guilty"; and, finally, it must determine whether the criminal activity involving the property seized "was extensive, in terms of time or space." Id. at 336. "Proper application of these factors requires the trial court to make certain mixed findings of law and fact." *Thorp v. State of Ga.*, 217 Ga. App. 275, 276 (2) (457 SE2d 234) (1995). This court must accept the trial court's findings unless they are clearly erroneous. Id.; *Mitchell*, supra at 336; *Evans v. State of Ga.*, 217 Ga. App. 646, 647 (458 SE2d 859) (1995).

Although both Salmon and the State raised this issue below, the record does not reveal that the trial court considered *Thorp*, 264 Ga. 712, or made any findings on the three factors required by that decision. We therefore remand this case for further proceedings in the trial court consistent with *Thorp*. Since a hearing was conducted, no additional evidentiary hearing is required unless the trial court deems it necessary. The trial court's order is vacated, and the court is directed to enter a new order including findings of fact and conclusions of law on the factors required by *Thorp*. The parties shall be entitled to appeal the trial court's new order within 30 days of its entry. See *Mitchell*, supra.

*Judgment vacated and case remanded with direction. Barnes and Phipps, JJ., concur.*

DECIDED MAY 10, 2001.

*Larry J. Barkley*, for appellant.

*Tambra P. Colston, District Attorney, Kay A. Wetherington, Assistant District Attorney*, for appellee.