## A03A0365. BEAUCHAMP v. STATE OF GEORGIA.
(575 SE2d 731)

ELDRIDGE, Judge.

Clifford D. Beauchamp was stopped for speeding, and numerous bottles of methadone — both filled and empty with residue — were found on Beauchamp's person and in the interior of his 2000 Isuzu Trooper. The Superior Court of Jackson County granted the State's subsequent petition for forfeiture as to the Trooper, finding "that the Isuzu Trooper was used to facilitate a violation of the Georgia Controlled Substances Act." While admitting that "the evidence presented at trial clearly established that Appellant possessed controlled substances in violation of the [Georgia Controlled Substances] Act," Beauchamp appeals from the order of forfeiture, claiming that the evidence did not support the trial court's finding that the Isuzu Trooper was used to facilitate his possession of methadone. We disagree.

A forfeiture action is a civil proceeding. The State, as plaintiff, was required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases. The trial court in this case sat as the factfinder, and we will not disturb its findings unless they were clearly erroneous. And a trial court's findings of fact are not clearly erroneous if there is any evidence to support them.[1]

The evidence in this case showed that Beauchamp used the Trooper not only to transport methadone from one place to another while he was in possession thereof, but also to store empty methadone bottles after the contents were used and only residue remained.[2] Accordingly, we cannot say the trial court was clearly erroneous in its determination that the Trooper facilitated/furthered Beauchamp's possession of methadone.

Tracking the language of [the] Code subsections, the [Trooper] "directly or indirectly" facilitated a violation of the Georgia Controlled Substances Act because [methadone] was being transported in the [Trooper]. OCGA § 16-13-49 (d) (2). In addition, [methadone] was found "in close proximity to" the [Trooper]. OCGA § 16-13-49 (d) (6). Possession of [methadone] is also punishable by a prison term of more

---

[1] (Citations, punctuation and emphasis omitted.) *Jones v. State of Ga.*, 249 Ga. App. 64, 68 (3) (547 SE2d 725) (2001).

[2] The evidence at the hearing, as well as Beauchamp's admission, established that Beauchamp did not have a prescription for methadone.

than one year, so as to comply with OCGA § 16-13-49 (d) (3). See OCGA §§ 16-13-26 [(2) (K)]; 16-13-30 [(c)]. The [Trooper] was therefore subject to forfeiture under [these] Code subsections. The evidence was sufficient to support the forfeiture.[3]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 13, 2002.

*Tolbert & Elrod, Scott R. Tolbert, Christopher D. Elrod,* for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.

[3] *Gearin v. State of Ga.,* 218 Ga. App. 390, 392 (461 SE2d 562) (1995); *Salmon v. State of Ga.,* 249 Ga. App. 591 (1) (549 SE2d 421) (2001).