**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 22, 2013**

# In the Court of Appeals of Georgia

A13A0198. TIPTON v. STATE OF GEORGIA.

BARNES, Presiding Judge.

In this civil in rem forfeiture action, Anna D. Tipton appeals the trial court's order of disposition finding that her vehicle was subject to forfeiture to the State because it had been used to facilitate the purchase of $30 worth of cocaine. Tipton contends that the trial court erred in denying her motion to dismiss the State's complaint for forfeiture. She further contends that the trial court erred in finding that the forfeiture was not an excessive fine under the Eighth Amendment and in failing to perform the proper constitutional analysis on the record. As discussed below, Tipton failed to invoke a ruling on her motion to dismiss, precluding appellate review of that enumeration of error. However, the record does not reveal whether the trial court performed the detailed analysis required by *Howell v. State of Georgia*, 283 Ga.

24, 26 (1) (656 SE2d 511) (2008) in determining whether the forfeiture constituted an excessive fine. We therefore vacate the trial court's order of disposition and remand the case with direction that the court conduct the proper constitutional analysis and make appropriate findings of fact and conclusions of law on the record.

The parties stipulated to the following facts at the forfeiture hearing. Tipton owned a 1998 Jeep Grand Cherokee Laredo that was worth between $1,600 and $2,500. There were no existing liens on the Jeep at the time in question. The Jeep was "really the only thing in the world [that Tipton] own[ed], other than her clothes."

On May 28, 2011, Tipton contacted her brother, who agreed to drive Tipton around in her Jeep for the purpose of purchasing prescription drugs. Both Tipton and her brother were addicted to prescription pills, with "Adderall or amphetamine being their prescription drug of choice."

Tipton and her brother picked up another individual named Tracie Bell, who was to help them facilitate the drug purchase. After picking up Bell, they drove in the Jeep to different locations around Tombs County where Bell attempted to purchase prescription pills. Ultimately, however, Bell purchased $30 worth of cocaine in a parking lot while Tipton and her brother waited in the Jeep. Patrol officers with the

2

Vidalia Police Department who were in the area observed the cocaine purchase, and they arrested Bell, Tipton, and her brother. The officers also seized the Jeep.

The State subsequently filed a civil in rem complaint seeking forfeiture of the Jeep on the grounds that, among other things, it had been used to facilitate the purchase of the cocaine. Tipton filed an answer, asserting an ownership interest in the Jeep and requesting that the Jeep be released to her. Following the forfeiture hearing in which the parties stipulated to the facts, the trial court entered an order of disposition granting the forfeiture of the Jeep to the State. This appeal followed.

1. Tipton argues that the trial court erred in denying her motion to dismiss the State's complaint for forfeiture. But at the forfeiture hearing, after Tipton and the State presented argument on the motion to dismiss, the trial court responded, "All right," and then asked the parties to proceed forward with their recitation of the stipulated facts. Tipton made no objection and did not otherwise take any steps to invoke a ruling from the trial court on her motion to dismiss. On appeal, Tipton has not directed us to an order in the record disposing of her motion to dismiss or to any other indication that the motion was ever addressed by the trial court.

Under Georgia law, it is the duty of the litigant to obtain a ruling on her motions or objections. *Smith v. Stacey*, 281 Ga. 601, 602 (1) (642 SE2d 28) (2007).

Because Tipton failed to obtain a ruling on her motion to dismiss from the trial court, her enumeration of error presents nothing for our review. See *Madison Retail Suwanee, LLC v. Orion Enterprises Sales & Svc.*, 309 Ga. App. 712, 717 (4) (711 SE2d 71) (2011); *Allen v. Santana*, 303 Ga. App. 844, 847-848 (3) (695 SE2d 314) (2010).

2. Tipton further argues that the trial court erred in finding that the forfeiture was not an excessive fine in violation of the Eighth Amendment to the United States Constitution and in failing to perform the proper constitutional analysis on the record. We agree that the record fails to show that the trial court performed the proper constitutional analysis for determining whether the forfeiture constituted an excessive fine.

The Eighth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Excessive Fines Clause of the Eighth Amendment applies to civil in rem forfeitures, see *Thorp v. State of Ga.*, 264 Ga. 712, 713 (1) (450 SE2d 416) (1994), and the Supreme Court of the United States in *United States v. Bajakajian*, 524 U. S. 321, 334 (III) (A) (118 S. Ct. 2028, 141 LE2d 314) (1998) held that a forfeiture

4

constitutes an excessive fine "if it is grossly disproportional to the gravity of a defendant's offense." Subsequently, the federal appellate courts more fully developed the standard outlined by the United States Supreme Court in *Bajakajian*. See, e.g., *von Hofe v. United States*, 492 F3d 175, 186 (III) (2nd Cir. 2007).

In *Howell*, 283 Ga. at 26 (1), the Supreme Court of Georgia adopted the more fully developed standard applied by the United States Court of Appeals for the Second Circuit in the *von Hofe* case, concluding that trial courts inquiring into whether a forfeiture constitutes an excessive fine should take into account

> the following considerations: (1) the harshness, or gross disproportionality, of the forfeiture in comparison to the gravity of the offense, giving due regard to (a) the offense committed and its relation to other criminal activity, (b) whether the claimant falls within the class of persons for whom the statute was designed, (c) the punishments available, and (d) the harm caused by the claimant's conduct; (2) the nexus between the property and the criminal offenses, including the deliberate nature of the use and the temporal and spatial extent of the use; and (3) the culpability of each claimant.

(Citation omitted.)

In conducting the analysis adopted by the Georgia Supreme Court in *Howell* for determining whether a forfeiture is constitutionally excessive, trial courts must

5

make findings of fact and conclusions of law on the record. *Buchanan v. State*, 319 Ga. App. 525, 528-529 (737 SE2d 321) (2013). On-the-record findings are necessary "to provide an opportunity for meaningful appellate review of [the trial court's] decision." Id.

Here, Tipton argued before the trial court that the forfeiture of the Jeep based on the purchase of $30 worth of cocaine was an excessive fine under the Eighth Amendment. In response to Tipton's motion, the trial court, in its order of disposition, merely stated, "The forfeiture of the vehicle [is] constitutional and the excessive fine assertion is denied." Nothing in the order of disposition suggests that the trial court considered *Howell* or made any findings pursuant to the detailed analysis required by that decision, as the State concedes.

> Accordingly, we vacate the trial court's [order of disposition] and remand this case for further proceedings in the trial court consistent with *Howell*. Because a hearing was conducted, no further evidentiary hearing is necessary, unless the trial court concludes otherwise. But regardless of whether another evidentiary hearing is held, the trial court is directed to enter a new order including findings of fact and conclusions of law pursuant to the analysis required by *Howell*, and either party shall be entitled to appeal the trial court's new order within 30 days of its entry.

*Buchanan*, 319 Ga. App. at 529. See *Salmon v. State*, 249 Ga. App. 591, 592 (2) (549 SE2d 421) (2001); *Mitchell v. State*, 236 Ga. App. 335, 336 (1) (511 SE2d 880) (1999).

*Judgment vacated and case remanded with direction. Miller and Ray, JJ., concur.*

7