**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 20, 2014**

# In the Court of Appeals of Georgia

A14A1153. MIKELL v. STATE OF GEORGIA et al.

PHIPPS, Chief Judge.

In this civil in rem forfeiture action, Ricky Mikell appeals the trial court's order finding that his residence was subject to forfeiture because the property had been used to facilitate a drug transaction. Mikell contends that the trial court erred by failing to perform the proper constitutional analysis on the record. As discussed below, the record does not reveal whether the trial court performed the detailed analysis required by *Howell v. State of Ga.*[1] in determining whether the forfeiture constituted an excessive fine.[2] We therefore vacate the trial court's order and remand the case with direction that the court conduct the proper constitutional analysis and make

---

[1] 283 Ga. 24 (656 SE2d 511) (2008).

[2] Id. at 26 (1).

appropriate findings of fact and conclusions of law on the record. Because Mikell's remaining contentions were not raised below, they will not be considered on appeal.

Construed to support the judgment,[3] the evidence adduced at the forfeiture hearing showed that Mikell and his wife (Shelby Mikell) bought the residence in 1993. In 1996, after the two divorced, the residence became titled in Mikell's name. Mikell's adult sons, Joseph and Andrew Mikell, and Holly Skipper (the mother of Joseph Mikell's child) lived with Mikell in the house.

In March 2013, sheriff's deputies attempted to serve at the residence an arrest warrant on Skipper. Andrew Mikell would not allow the deputies to enter to look for Skipper, and Joseph Mikell told Andrew Mikell (on a speaker phone) not to allow them to enter because "My shit's in the house." The deputies then obtained a warrant to search the premises for Skipper and illegal substances.

In executing the search warrant, deputies found in a bedroom about two-and-one-half pounds of marijuana, plastic baggies, and scales; they found firearms within a few feet of that bedroom, and marijuana residue in two vehicles on the premises. Joseph Mikell, Andrew Mikell, and Skipper were arrested on drug charges. The

---

[3] *Walker v. State of Ga.*, 281 Ga. App. 526 (636 SE2d 705) (2006).

deputies seized three vehicles and other items on the basis that they had been used in the sale or transport of drugs, and a lien was placed on the residence.

In addition to the facts set out above, the following evidence was adduced at the forfeiture hearing. In 2008, deputies had executed a search warrant at the residence, where multiple purchases of marijuana had occurred; Mikell acknowledged then, as Andrew Mikell and Skipper were being arrested for drug offenses, that illegal activity was occurring at the house, that he had talked to "them over and over about all this," and that "[h]e was tired of it." A civil forfeiture action was filed as a result of the 2008 investigation, but the court declined to seize the property at that time, warning Mikell that a forfeiture action would proceed if he returned to court under the same circumstances.

There was also evidence that a 2011 murder investigation (in which Andrew Mikell's name was "brought up") had revealed more drug activity at the residence. During the murder investigation, deputies detected at the house an odor of marijuana in every room except one where an infant was present. Andrew Mikell admitted to an investigator during the 2011 investigation that he had been selling marijuana, which admission he made in Mikell's presence; Mikell lived at the house at the time, as did Shelby, Joseph and Andrew Mikell, and Skipper.

In April 2014, the State of Georgia filed a civil in rem complaint seeking forfeiture of the residence (and the seized personal property) on the grounds that the property had been "directly or indirectly purchased with money from drug sales or used in the sale of illegal drugs." The complaint named as defendants in rem the purported owners or interest holders of the property (Joseph and Andrew Mikell, and Skipper), and identified Mikell as a "known purported" interest holder.

In his answer, Mikell asserted that, inter alia, he was an innocent owner of the real (and personal) property, inasmuch as he did not know and could not have reasonably known of the conduct giving rise to the forfeiture;[4] he had not acquired proceeds from the conduct at issue or held the property in community with or for the benefit of any person whose conduct gave rise to its forfeiture;[5] and the forfeiture violated the Eighth Amendment because it was grossly disproportionate to the gravity of the offense.[6]

Following the hearing, the trial court entered an order granting the forfeiture. In the order, the court pertinently provided:

---

[4] See OCGA § 16-13-49 (e) (1).

[5] Id.

[6] Id.

After considering all evidence presented the Court finds that Ricky Mikell is not an innocent third party claimant to the property in question. Furthermore, the Court finds that this ruling is not in violation of the Eighth Amendment of the Constitution prohibiting excessive fines and is not disproportional to the gravity of the offense based on the evidence presented to the Court and considering the Court[']s earlier ruling.

This appeal followed.

[I]n rendering judgment on a complaint for forfeiture, the trial court is required to make mixed findings of fact and law, which this Court must accept unless they are clearly erroneous. And we defer to the trial court's judgment as to witness credibility and will affirm the trial court's findings if there is any evidence supporting them. But when the evidence is uncontroverted and no question regarding the credibility of witnesses was presented below, we conduct a de novo review of the trial court's application of law to the undisputed facts, . . . owe no deference to the trial court's conclusions of law[, and] . . . we are free to apply anew the legal principles to the facts.[7]

1. Mikell argues that the trial court erred by failing to perform the proper constitutional analysis for determining whether the forfeiture of his residence constitutes an excessive fine in violation of the Eighth Amendment. He asks this court

---

[7] *Buchanan v. State of Ga.*, 319 Ga. App. 525, 526-527 (737 SE2d 321) (2013) (punctuation and footnotes omitted).

to remand the case with direction in connection therewith. We agree that the record does not indicate whether the trial court considered the mandatory guidelines.

The Eighth Amendment to the United States Constitution, which applies to the states through the Fourteenth Amendment, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Excessive Fines Clause of the Eighth Amendment applies to civil in rem forfeitures,[8] and the United States Supreme Court in *United States v. Bajakajian*,[9] held that a forfeiture constitutes an excessive fine "if it is grossly disproportional to the gravity of a defendant's offense."[10]

In *Howell*,[11] the Supreme Court of Georgia . . . conclud[ed] that trial courts inquiring into whether a forfeiture constitutes an excessive fine should take into account the following considerations: (1) the harshness, or gross disproportionality, of the forfeiture in comparison to the gravity of the offense, giving due regard to (a) the offense committed and its relation to other criminal activity, (b) whether the claimant falls within the class of persons for whom the statute was designed, (c) the punishments available, and (d) the harm caused by the claimant's conduct; (2) the nexus between the property and the criminal offenses,

---

[8] See *Thorp v. State of Ga.*, 264 Ga. 712, 713 (1) (450 SE2d 416) (1994).

[9] 524 U. S. 321, 334 (III) (A) (118 SCt 2028, 141 LE2d 314) (1998).

[10] *Tipton v. State of Ga.*, 321 Ga. App. 870, 872 (2) (743 SE2d 532) (2013).

[11] Supra at 26 (1).

6

including the deliberate nature of the use and the temporal and spatial extent of the use; and (3) the culpability of each claimant.[12]

In conducting the analysis adopted by the Court in *Howell* for determining whether a forfeiture is constitutionally excessive, trial courts must make findings of fact and conclusions of law on the record.[13] On-the-record findings are necessary to "provide an opportunity for meaningful appellate review of [the trial court's] decision."[14]

Citing *Howell*, Mikell asserted before the trial court that the forfeiture of his residence based on marijuana being found in a bedroom occupied by Joseph Mikell and Skipper, when Mikell had no involvement with the drugs, was an excessive fine under the Eighth Amendment. But the record does not show that the court made the findings of fact and conclusions of law required by that decision.[15]

---

[12] *Tipton*, supra at 872-873 (2).

[13] *Buchanan*, supra at 528-529.

[14] Id. at 529 (footnote omitted); *Tipton*, supra at 873 (2).

[15] See *Tipton*, supra; *Buchanan*, supra.

"Accordingly, we vacate the trial court's judgment of forfeiture and remand this case for further proceedings in the trial court consistent with *Howell*."[16] "[T]he trial court is directed to enter a new order including findings of fact and conclusions of law pursuant to the analysis required by *Howell*, and either party shall be entitled to appeal the trial court's new order within 30 days of its entry."[17]

2. Mikell contends the trial court erred by ordering the sale of his residence, when such is prohibited under OCGA § 44-13-1.[18] However, Mikell did not raise this issue in the trial court, and therefore we cannot consider it on appeal.[19]

---

[16] *Buchanan*, supra (footnote omitted); *Salmon v. State of Ga.*, 249 Ga. App. 591, 592 (2) (549 SE2d 421) (2001); *Mitchell v. State of Ga.*, 236 Ga. App. 335-336 (1) (511 SE2d 880) (1999).

[17] *Tipton*, supra (citations omitted); *Buchanan*, supra.

[18] OCGA § 44-13-1 pertinently provides: "Except as otherwise provided in this article, there shall be exempt from levy and sale by virtue of any process whatever under the laws of this state any real or personal property or both of a debtor in the amount of $5,000.00 or $21,500.00 for real or personal property that is the debtor's primary residence. No court or ministerial officer in this state shall ever have jurisdiction or authority to enforce any judgment, execution, or decree against property set apart under this Code section."

[19] See *Martin v. State of Ga.*, 291 Ga. App. 902, 905-906 (2) (663 SE2d 307) (2008) (physical precedent only), citing *Kaiser v. State*, 285 Ga. App. 63, 69 (2) (646 SE2d 84) (2007).

3. Mikell contends that the trial court erred by ordering the distribution of forfeiture proceeds to various entities because in so doing the court effectively voided the lienholders' (mortgagees') security interests without giving the lienholders proper notice. Assuming arguendo that Mikell had standing to claim that the lienholders did not receive proper notice,[20] he did not raise the issue in the trial court, and we will not consider it on appeal.[21]

*Judgment vacated and case remanded with direction. Ellington, P. J., and McMillian, J., concur.*

---

[20] See generally *Ryder Automobile Leasing Co. v. Tates*, 112 Ga. App. 18, 20 (143 SE2d 411) (1965).

[21] See *Martin*, supra.

9