**FIRST DIVISION
BARNES, P. J.,
DOYLE, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 13, 2023**

# In the Court of Appeals of Georgia

A23A0268. STATE OF GEORGIA v. BROPHY.

DOYLE, Presiding Judge.

The State of Georgia appeals from an order of the Superior Court of Dodge County in this civil in rem forfeiture action. For the reasons set forth infra, we affirm.

> [I]n rendering judgment on a complaint for forfeiture, the trial court is required to make mixed findings of fact and law, which this Court must accept unless they are clearly erroneous. And we defer to the trial court's judgment as to witness credibility and will affirm the trial court's findings if there is any evidence supporting them. But when the evidence is uncontroverted and no question regarding the credibility of witnesses was presented below, we conduct a de novo review of the trial court's application of law to the undisputed facts, owe no deference to the trial court's conclusions of law, and we are free to apply anew the legal principles to the facts.[1]

---

[1] (Citations and punctuation omitted.) *Buchanan*, 319 Ga. App. at 526-527.

So construed, the evidence shows that in April 2018, agents of the Oconee Drug Task Force arrested James Brophy, Jr. (the "Claimant"), following a traffic stop. The State charged the Claimant with possession of methamphetamine, possession of less than an ounce of marijuana, possession of a firearm during the commission of a crime, and driving while under the influence ("DUI") of drugs to the extent it was less safe to drive. The task force also seized the 2016 Chevrolet Silverado (the "Vehicle") that the Claimant was driving at the time of the stop and filed the underlying complaint for forfeiture.

The Claimant filed a motion for summary judgment, alleging that the seizure of the Vehicle was an excessive fine, in violation of the Eighth Amendment. The Claimant specifically relied on *Timbs v. Indiana*,[2] in which the United States Supreme Court held that the protection provided by the Excessive Fines Clause of the Eighth Amendment was applicable to the states and that civil in rem forfeitures fell within the Clause's protection when they were at least partially punitive.[3]

---

[2] __ U. S. __ (139 SCt 682, 203 LE2d 11) (2019).

[3] *Timbs*, 139 SCt at 689 (I) (B), 690 (II) (A).

2

After several continuances, the trial court scheduled a hearing. At the hearing, the Claimant objected to the State presenting witnesses on the ground that only his motion for summary judgment was before the court. The court allowed the State to present its witnesses but deferred ruling whether the testimony was proper.

Following the hearing, the court denied the Claimant's motion, finding that, unlike the claimant in *Timbs*, the Claimant here was facing a potential fine that was far greater than the value of the property that had been seized. The court concluded that there were genuine issues of material fact remaining as to whether the harshness of the forfeiture was grossly disproportionate to the gravity of the offense on which it was based. The court explicitly did not consider the testimony presented by the State.

The State then filed a motion to dismiss the Claimant's answer and a motion for default judgment on the ground that the answer was statutorily insufficient under OCGA § 9-16-12 (c) (1). The Claimant responded by filing a motion to amend his answer, which the court granted.

Meanwhile, while the forfeiture action was pending, the Claimant entered a negotiated guilty plea to possession of methamphetamine, and the State nolle prossed

the remaining charges against him. The Claimant received three years of probation and a $750 fine.

The State then filed a motion for summary judgment in the forfeiture action, arguing that the Claimant had no innocent owner defense as he had pleaded guilty to possession of methamphetamine. The court denied the State's motion noting the Claimant was arguing that the forfeiture was excessive, not that he was an innocent owner. The court denied the State's motion for reconsideration, and scheduled a final hearing.

At the final hearing, the parties agreed that the court could consider the evidence and testimony that the State had presented at the prior hearing. Specifically, Agent Jeffrey Deal testified that he conducted the traffic stop because he believed the Claimant was speeding and because he saw the Claimant hit the center line multiple times.

Agent Deal testified further that, after the Claimant failed field sobriety tests, Deal found a bag of suspected methamphetamine under the Vehicle. Deal testified that he believed the Claimant had dumped the bag there. The Claimant claimed ownership of the methamphetamine, which Deal valued at around $110 per gram. A

4

GBI lab technician testified that she tested the 1.387 grams of substance found by Deal, and she confirmed it was methamphetamine.

At the final hearing, the parties stipulated that the Claimant had paid $36,000 for the Vehicle. The Claimant testified that he had traded in a 2015 Chevrolet 2500, which he owned outright, when he purchased the Vehicle. The Claimant also presented expert testimony that the value of the Vehicle ranged from $48,500 (wholesale) to $58,000 (retail), depending on mileage.

The court applied the test found in *Howell v. State v. Ga.*[4] and found that, although the Claimant was within the class of persons for whom the forfeiture statute was designed, the remaining factors weighed against forfeiture. The court concluded that the forfeiture of the Vehicle was excessive, denied the forfeiture petition, and ordered the Vehicle returned to the Claimant. This appeal followed.

1. The State argues that the trial court erred in denying its motion to dismiss the Claimant's answer and motion for judgment because the initial answer was not properly verified by the Claimant and the Claimant failed to cure the deficiency during the three-year period that the case was continued.

---

[4] 283 Ga. 24, 25-27 (1) (656 SE2d 511) (2008).

OCGA § 9-16-12 (c) (1) allows an owner or interest holder in property to file an answer asserting a claim against the property in an action in rem, but requires, inter alia, that the answer "be verified by the owner or interest holder under penalty of perjury." "If the claimant fails to properly verify his answer in the first instance or later amend it to correct the deficiency, the trial court is entitled to strike the answer and enter a judgment of forfeiture in favor of the State."[5]

The State does not contend that the Claimant did not amend his answer to correct the deficiency, but argues that the court's pretrial order foreclosed amendments to pleadings without leave of court and that the trial court abused its discretion in granting the Claimant's motion to amend. However, in its pretrial order, the trial court explicitly provided for the ability to amend the pleadings. Thus, the trial court correctly found that, under the explicit terms of the pretrial order, because the case had not been tried at the term specified, the pleadings were considered reopened.

Moreover, under OCGA § 9-11-15 (a), the Claimant could amend his answer without leave of court at any time before the entry of a pretrial order and thereafter

---

[5] *Portee v. State*, 277 Ga. App. 536, 537 (1) (627 SE2d 63) (2006).

by leave of court, which "shall be freely given when justice so requires."[6] In light of the foregoing, we discern no abuse of discretion in the trial court's grant of the Claimant's motion to amend.[7]

2. The State argues that the trial court erred in applying the facts to the three-factor test to determine whether a forfeiture amounts to an excessive fine.

In *Howell*, the Supreme Court of Georgia adopted the analysis of the Second Circuit Court of Appeals in *von Hofe v. United States*.[8] Thus, to determine whether a forfeiture is excessive, Georgia courts must consider:

> (1) the harshness, or gross disproportionality, of the forfeiture in comparison to the gravity of the offense, giving due regard to (a) the offense committed and its relation to other criminal activity, (b) whether the claimant falls within the class of persons for whom the statute was designed, (c) the punishments available, and (d) the harm caused by the claimant's conduct; (2) the nexus between the property and the criminal

---

[6] See *Rojas v. State of Ga.*, 269 Ga. 121, 122 (2) (498 SE2d 735) (1998) (noting that the Civil Practice Act applies to forfeiture actions unless in direct conflict with the forfeiture statute); see also OCGA § 9-11-81 et seq.

[7] See *Total Car Franchising Corp. v. Squire*, 259 Ga. App. 114, 116 (1) (576 SE2d 90) (2003) ("Even after entry of the pretrial order, amendments are to be liberally granted by the court as justice requires. . . . Moreover, a pretrial order should be liberally construed to allow the consideration of all questions fairly within the ambit of the contested issues.") (citations and punctuation omitted).

[8] 492 F3d 175 (2d Cir. 2007).

offenses, including the deliberate nature of the use and the temporal and spatial extent of the use; and (3) the culpability of each claimant.[9]

Here, the trial court recognized that the Claimant fell within the class of persons for whom the statute was designed, but found that the remaining factors weighed against forfeiture.

In reviewing the first factor, the trial court noted that valuations of the Vehicle ranged from $40,000 to $53,000. There is some evidence in the record to support this finding.

As to the subfactors, the court found that the Claimant's possession of methamphetamine was a lesser offense than those in *Howell* and *von Hofe* and lacked connection to other crimes. The trial court did not err in this analysis. In *Howell*, the claimant's father, who had continued living at a home after he conveyed it to the claimant, was arrested and 86 marijuana plants were found growing on the property.[10] The court noted that the underlying offense, manufacturing marijuana, was a felony

---

[9] (Punctuation omited.) *Howell*, 283 Ga. at 26 (1) (quoting *von Hofe*, 492 F3d at 186 (III)).

[10] See *Howell*, 283 Ga. at 25.

punishable by as much as ten years' imprisonment.[11] Although the claimant was not directly culpable, the *Howell* court concluded that she was willfully blind to her father's activities on the property, in light of her knowledge of his past criminal use of the property.[12]

In *von Hofe*, one of the two claimants confessed to growing 65 marijuana plants in the basement of the property for about a year, which carried a statutory maximum of a one-million dollar fine and 20 years' imprisonment.[13] The court found that this offense was serious, but that the government could not justify forfeiture of the other claimant's interest in the property where her offensive conduct was "best described as turning a blind eye to her husband's marijuana cultivation in their basement."[14]

In this case, the trial court found that the Claimant committed the felony of possession of less than two grams of methamphetamine, which carried a sentencing

---

[11] See id. at 26 (1).

[12] See id. at 27 (1); see also id. at 25 (detailing father's prior drug convictions).

[13] *von Hofe*, 492 F3d at 186-187 (III) (A).

[14] Id. at 189, 191 (III) (B).

range of one to three years.[15] The trial court did not err in finding that application of this subfactor did not warrant forfeiture.

With regard to the third subfactor (the punishments available), the court also did not err in distinguishing *Howell*. There, "[a]lthough [the claimant's father] was subject to the punishment . . . for the offense of manufacturing marijuana, [the claimant was] not subject to any punishment for permitting the property to be used criminally other than [the] forfeiture."[16] By contrast, the Claimant here was punished for the offense of possession of methamphetamine in that he received three years of probation and a $750 fine.[17]

The State argues that the trial court erroneously "focuse[d] on the punishment received under the criminal conviction, despite Georgia law being clear that actions for civil forfeiture are not punishment and are distinctly civil." This misstates the

---

[15] See OCGA § 16-13-30 (e) (1).

[16] *Howell*, 283 Ga. at 27 (1).

[17] OCGA § 16-13-30 (e) (1) provides for a sentence of one to three years for possession of less than two grams of methamphetamine, but the record indicates that the Claimant was sentenced under the First Offender Act. See OCGA § 42-8-60 et seq.

10

Supreme Court of Georgia's holding in *Murphy v. State*,[18] and ignores *Howell*.[19] The trial court did not err in applying this subfactor.

With regard to the fourth subfactor, the trial court rejected the State's invitation to look to the broader implications of the Claimant's conduct in assessing harm and to consider the harms of the drug epidemic. Here, the court again emphasized that this was a simple possession case.[20] We discern no error.

Turning to the nexus factor, the trial court found that, while the criminal conduct occurred close to the property, the Vehicle was not necessary for the Claimant to possess methamphetamine because he could have possessed it anywhere.

---

[18] 267 Ga. 120, 121 (475 SE2d 907) (1996) (holding that civil forfeitures do not constitute punishment for purposes of the Double Jeopardy Clause).

[19] See *Howell*, 283 Ga. at 26 (1) ("'[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.'") (quoting *United States v. Bajakajian*, 524 U. S. 321, 334 (III) (A) (118 SCt 2028, 141 LE2d 314) (1998)).

[20] Compare *von Hofe*, 492 F3d at 186 (III) (A) ("Even though [the marijuana grower's] criminal activity involved neither violence nor threats of violence, he manufactured an illicit substance, which he contributed to the local market, thereby perpetuating the product's availability for himself, his neighbors and his son.").

We agree with the trial court's conclusion that the nexus was of a lesser degree and thus did not warrant forfeiture.[21]

On the final factor, the trial court found the Claimant's culpability to be relatively low. While the State emphasizes that the Claimant was criminally convicted of the possession of methamphetamine, that is not the extent of the inquiry. According to the *von Hofe* court: "Building on the instrumentality [factor], the extent of the property's involvement in the offenses may prove relevant when evaluating a claimant's culpability. The extent to which a property owner allowed or put the property to its criminal use may be indicative of his or her culpability."[22] Thus, the culpability factor is tied to the other factors. The trial court did not err in finding that the culpability factor did not weigh in favor of forfeiture.

The trial court ultimately concluded that forfeiture of the Vehicle, which was similar in value to the property forfeited in the cases on which it relied, would result

---

[21] Compare *Howell*, 283 Ga. at 27 (1) (holding that the nexus between the crime and the property was a particularly close one where the crime of manufacturing marijuana occurred solely on the subject property and had as a necessary part of the crime the use of the property itself).

[22] *von Hofe*, 492 F2d at 185 (III).

in an excessive forfeiture in this case. The trial court properly applied the *Howell* factors to the facts of this case, and we discern no error in its conclusion.

*Judgment affirmed. Barnes, P. J., and Land, J. concur*.